# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PREDRAG VUKMIROVIC,
                    *Petitioner,*

v.

ERIC H. HOLDER Jr., Attorney
General,
                    *Respondent.*

No. 05-75936

Agency No.
A072-443-690

OPINION ON
REHEARING

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
April 14, 2010—San Francisco, California

Filed April 6, 2011

Before: Mary M. Schroeder and Johnnie B. Rawlinson,
Circuit Judges, and James Maxwell Moody, District Judge.*

Opinion by Judge Schroeder

---

*The Honorable James Maxwell Moody, Senior United States District
Judge for the Eastern District of Arkansas, sitting by designation.

## COUNSEL

David Gardner, Los Angeles, California, for petitioner Predrag Vukmirovic.

Liza Murcia, Department of Justice, Washington, D.C., for respondent Eric H. Holder Jr., Attorney General.

## OPINION

SCHROEDER, Circuit Judge:

We have taken the unusual step of granting rehearing in this case upon our review of the Government's Petition for Rehearing en Banc and Petitioner's response to it. The panel has now concluded that our original opinion, *Vukmirovic v. Holder*, 621 F.3d 1043 (9th Cir. 2010), constituted a departure from Ninth Circuit precedent and interpreted too broadly the "exceptional circumstances" safe harbor for aliens removed in absentia. *See* 8 U.S.C. § 1252b(c)(3)(A) (1994).

The Petitioner did not know about his removal proceeding hearing because he had moved from his previous address and had failed to advise his new lawyer and the immigration court of his whereabouts. Consequently, he was removed in absentia. Petitioner's current counsel has argued vigorously that

Petitioner's case falls within the statutory provision permitting rescission of a removal order entered in absentia "if the alien demonstrates that the failure to appear was because of exceptional circumstances." *Id.*

**[1]** Our previous cases applying this exception, however, involved much more unusual circumstances than those here. In *Singh v. I.N.S.*, the petitioner had diligently and timely appeared for all prior proceedings, but misunderstood the time of the critical hearing where he would have been the beneficiary of an approved visa petition. 295 F.3d 1037, 1038-1039 (9th Cir. 2002). We held that exceptional circumstances existed in that case because the petitioner had "diligently pursued his efforts to obtain lawful permanent residence status, . . . had no possible reason to try to delay the hearing," and the order of removal would have resulted in "either the breakup of a family or if the family were to remain intact, the ouster of three American citizens." *Id.* at 1038, 1040. In *Chete Juarez v. Ashcroft*, petitioner timely completed a change of address form, but the immigration court did not receive it. 376 F.3d 944, 947 (9th Cir. 2004). We held that exceptional circumstances existed because Chete Juarez had appeared "for every scheduled hearing (except the last, of which she received no actual notice)," the missed hearing "represented the culmination of years of efforts to regularize her status, . . . she had no reason to try to delay the hearing," and had she been present, "the IJ likely would have granted [her] the relief sought." 376 F.3d 944, 948 (9th Cir. 2004).

**[2]** Unlike Singh and Chete Juarez, Petitioner did not demonstrate the diligence necessary for a finding of exceptional circumstances. Aliens are advised in various ways that they must keep the government apprised of any change of address. *See* 8 U.S.C. §§ 1305 and 1306(b). This, petitioner did not do. Moreover, there does not exist in this record any strong likelihood of relief. Accordingly, the Petition for Rehearing is GRANTED. The Petition for Review is **DISMISSED**.