**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARICARMEN GARCIA ARREDONDO, *Petitioner*, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, *Respondent.* | No. 14-71907 <br><br> Agency No. A097-355-032 <br><br> OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 4, 2016
Pasadena, California

Filed May 27, 2016

Before: JEROME FARRIS, CARLOS T. BEA, and
MILAN D. SMITH, JR., Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

## SUMMARY[*]

### Immigration

The panel denied Maricarmen Garcia Arredondo's petition for review of the Board of Immigration Appeals' denial of her motion to reopen to rescind the in absentia removal order entered against her.

The panel held that Arredondo's explanation regarding why she failed to appear for her Immigration Judge hearing was not inherently unbelievable or incredible, and that the IJ and BIA thus erred in disregarding it. The panel held, however, that even if true, Arredondo's explanation did not constitute the requisite exceptional circumstances sufficient to grant a motion to reopen. As a matter of first impression, the panel held that a car's mechanical failure does not alone compel granting a motion to reopen based on exceptional circumstances.

### COUNSEL

C. Ryan Fisher (argued) and Michael Willard Olson (argued), Certified Law Students, University of California, Irvine School of Law; Kathryn M. Davis, Law Office of Kathryn M. Davis, Pasadena, California; and Peter Afrasiabi, One LLP, Newport Beach, California, for Petitioner.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Jeremy M. Bylund (argued) and Surell Brady, Trial Attorneys, Office of Immigration Litigation; Keith I. McManus, Senior Litigation Counsel; Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

## OPINION

M. SMITH, Circuit Judge:

Petitioner Maricarmen Garcia Arredondo petitions from the decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of her motion to reopen. We deny the petition.

## FACTS AND PRIOR PROCEEDINGS

Arredondo applied for asylum and withholding of removal in October, 2003. In response, the government initiated removal proceedings. Arredondo filed an application for cancellation of removal in November, 2003. At the hearing in December, 2003, she conceded that she was removable as charged. The IJ granted her application for voluntary departure.

In March, 2006, Arredondo filed a motion to reopen based on new evidence that her son "suffers from severe deformity of his jaw and teeth and will require extensive dental treatment, braces and care for several years," and that her family would therefore suffer exceptional hardship if she was forced to leave the United States.

The BIA denied Arredondo's 2006 motion to reopen. Arredondo filed a petition for review, but the government filed a motion to remand, which we granted. On remand to the BIA, the government filed a non-opposition to the motion to reopen. The BIA remanded to the IJ, who set a hearing for February 2009, but Arredondo did not receive the mailed notice and failed to appear, so was ordered removed. She then filed a second motion to reopen in August, 2009 on the grounds that she had advised the court of her new address in 2008, but the notice had been sent to her old address. The IJ granted the motion to reopen, and in July 2010, set a hearing for February 13, 2012. Arredondo again failed to appear, and the IJ ordered her removed.

In May, 2012, Arredondo then filed the motion to reopen now at issue. It argued that exceptional circumstances prevented Arredondo from attending the hearing. Arredondo's declaration, stated that she left her house in Riverside, California at 11:30 a.m. for her 1:00 p.m. hearing in Los Angeles, but after driving for 25–30 minutes, she felt a problem with her car's power, felt some shaking, and saw some vapor. She checked the temperature, which was high. She exited the freeway. Her car had overheated. Because she did not have a phone, she asked people on the street to borrow theirs to call for help. Her husband and son did not answer, but she reached a friend. Arredondo's friend was not available to drive her to court, but was able to find a mechanic. The mechanic sent a tow truck, and Arredondo and the car arrived at the mechanic's shop at 2:00 p.m. The mechanic said that he would charge $150 to $200 for a ride to court, and that the car would not be ready until the next day. Because Arredondo "did not have that money," she called her husband again, who finally answered. It was past 4:00 p.m. when he arrived, and they did not reach the court

until 6:30 p.m., after it had closed. Arredondo attached the car repair bill to her declaration.

The IJ was unsatisfied with the declaration and ordered Arredondo to submit (1) proof of payment of the car repair bill, (2) an annotated copy of her telephone bill or other evidence showing the calls she made that day, (3) an explanation of why she had not returned her attorney's call before the hearing or called her attorney or the court on the day of the hearing, (4) an explanation concerning why the final repair bill is dated February 13, 2012, when she stated the car would not be ready until the next day, (5) an explanation of why Arredondo said she was on the 5 freeway northbound in Corona, since the 5 freeway does not run near Corona; and if she contends that she was actually on the 91 freeway, why she made the mistake in her first declaration; and why she did not take the considerably shorter routes of the 10 or 60 freeways.

Arredondo responded with a supplemental declaration. She stated that as to the repair bill, she paid the full $480 amount in cash when she brought the car in. She had no canceled check, credit card bill, or bank statement to provide because she had borrowed the $500 in cash she had that day to pay her attorney.[1] As to the phone bill, consistent with her initial declaration's statement that she had to borrow phones from people on the street, she stated that she did not know or keep in contact with those strangers, and so could not submit their phone bills. As to why she failed to call her attorney or the court on the day of the hearing, Arredondo stated that she did not have their phone numbers with her.

---

[1] Arredondo submitted no corroboration of the loan, such as a declaration from the lender.

Arredondo did not address why she had not returned her attorney's phone calls in advance of the hearing. As to her earlier statement concerning which freeway she had been driving on, Arredondo acknowledged that she made a mistake in her first declaration, and had in fact driven via the 91 freeway. She stated that she made the mistake in her earlier declaration because she previously lived in Anaheim, and used to take the 5 freeway to court from that location. She stated that due to her greater familiarity with the 5 freeway route, she took the 91 freeway to the 5 freeway even though the other routes were shorter.

The IJ held that Arredondo's explanations lacked credibility. He thought it implausible that Arredondo would exit the freeway rather than stopping at an emergency call box on the freeway. He opined that Arredondo should have submitted phone bills from the recipients of her calls. He disbelieved that Arredondo paid for her car repair on the day of the hearing, citing California Business & Professions Code § 9884.9(a) and 16 California Code of Regulations § 3353(a), (c), which, according to the IJ, require car repair shops to separately list the prices for parts, work, and tax.[2] While Arredondo's invoice, listed parts and work, it did not provide a separate price for each. The IJ also found that the invoice did not comply with 16 California Code of Regulations § 3356(a)(1), which requires car repair invoices to include the

---

[2] The IJ wrote that "California law prohibits charging for a repair before the repair is completed." While the content of these provisions is immaterial to our analysis and we accordingly do not construe them, the cited code section and regulation only appear to say that a written estimate must be provided before charges are incurred, not that mechanics cannot accept payment before completion of the work.

dealer's registration number. He therefore gave no weight to the car repair invoice.

The IJ noted that Arredondo could have traveled from the repair shop to court before the hearing was held, and should have used her $500 in cash to do so instead of paying for her car repair. Finally, the IJ noted that Arredondo had not explained why she had not returned her attorney's pre-hearing calls, and opined that she could have used the mechanic's phone to locate the court's phone number.

The BIA dismissed the appeal, holding that Arredondo had not presented persuasive evidence to corroborate her claim. And the BIA held that even were it to fully credit Arredondo's claims, they would not demonstrate "exceptional circumstances," because she could have used her $500 in cash to obtain transportation to court rather than pre-pay for her car repair.

## STANDARD OF REVIEW

"The denial of a motion to reopen is reviewed for abuse of discretion." *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir. 1996). The BIA abuses its discretion when its denial of a motion to reopen is "arbitrary, irrational, or contrary to law." *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (quoting *Ahwazi v. INS*, 751 F.2d 1120, 1122 (9th Cir. 1985) (internal quotation marks omitted).

## DISCUSSION

### I.   Standards Governing Motions To Reopen

An in absentia removal order may be rescinded "upon a motion to reopen . . . if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). "The term 'exceptional circumstances' refers to exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1). While the enumerated examples are not exclusive, exceptional circumstances must include a "similarly severe impediment." *Singh-Bhathal v. INS*, 170 F.3d 943, 947 (9th Cir. 1999). Additionally, "[t]his court must look to the 'particularized facts presented in each case' in determining whether the petitioner has established exceptional circumstances." *Singh*, 295 F.3d at 1040 (quoting *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000)).

"Because motions to reopen are decided without a hearing, we generally require the Board to accept the petitioner's affidavits as true." *Limsico v. INS*, 951 F.2d 210, 213 (9th Cir. 1991). Thus, in ruling on a motion to reopen, the agency "must accept as true the facts stated in [the petitioner's] affidavits unless they are inherently unbelievable." *Id*.

## II. Arredondo Has Not Demonstrated Exceptional Circumstances.

While Arredondo's explanation does not reveal great sophistication, planning, or resources, it is not "inherently unbelievable" or "incredible." As such, the IJ and BIA erred in disregarding it. *See id.* We therefore turn to the question of whether Arredondo's explanation, taken as true, constitutes exceptional circumstances.

Traffic and trouble finding parking, standing alone, do not constitute exceptional circumstances justifying a motion to reopen. *Sharma*, 89 F.3d at 547 (rejecting the argument that "exceptional circumstances" carries the same meaning as the less stringent "reasonable cause" standard). We have not previously decided whether a car's mechanical failure constitutes exceptional circumstances sufficient to grant a motion to reopen. In *Perez v. Mukasey*, we expressly declined to answer that question and held it open for resolution in an appropriate case, although we noted that "a car's mechanical failure is generally an unanticipated occurrence which is 'beyond the control of the alien.'" 516 F.3d 770, 774 n.2 (9th Cir. 2008).

We now hold that a car's mechanical failure does not alone compel granting a motion to reopen based on "exceptional circumstances." The facts of this case demonstrate why that is so. First, Arredondo left her home in Riverside only 90 minutes before the scheduled start of her hearing in downtown Los Angeles, and purposely took an unnecessarily long route to court. Given the usual traffic conditions in the Los Angeles area, this left little margin for error. Then, when her car experienced mechanical failure, Arredondo did not use the $500 she had to reach the court on

time, but instead had her car towed to a mechanic and pre-paid for the repair.

She also failed to contact her lawyer or the court to inform them of the problem.**[3]** Because "the Board must examine the totality of the circumstances" in determining whether exceptional circumstances have been shown, *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir. 2002) (citing *Singh*, 213 F.3d at 1052), we agree with the BIA, and hold that mechanical failure coupled with decisions to leave insufficient time to account for routine delays and to pay for car repairs instead of transportation to court, does not constitute exceptional circumstances. Such difficulties are "less compelling circumstances" than the statutory examples of "battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien." 8 U.S.C. § 1229a(e)(1). We agree with the reasoning of the Fifth Circuit that "[t]he plain language of the statute indicates that this is a difficult burden to meet." *Magdaleno de Morales v. INS*, 116 F.3d 145, 148 (5th Cir. 1997) (holding "that the mechanical failure of the petitioners' car on the way to the hearing did not constitute exceptional circumstances" where petitioners returned home instead of finding transportation to the hearing and made only a cursory effort to contact the court).

The totality of the circumstances also includes the merits of Arredondo's pending claim for relief when "the denial [of

---

**[3]** Arredondo also failed to return her lawyer's phone calls in the days before the hearing. In fact, Arredondo and her lawyer had not been in contact since a prior hearing held more than a year and a half before the hearing in question.

a motion to reopen] leads to the unconscionable result of deporting an individual eligible for relief." *Singh*, 295 F.3d at 1040. However, Arredondo did not raise *Singh* or her pending claim for relief as part of her argument below.[4] And even if she had, the basis of her motion to reopen, filed in 2006, was that her son required close to five years of dental treatment. That treatment should have been completed five years ago, and her son is now 26 years old. Arredondo has raised no other substantive basis for her motion to reopen. Thus, her motion to reopen would fail even if she had raised *Singh*.

## CONCLUSION

The petition is **DENIED**.

---

[4] The closest Arredondo came to arguing *Singh* below was in her opening brief to the BIA, which was submitted by counsel. It argued, without citation to any authority, that the IJ "failed to address other important factors about the case," including Arredondo's prior appearances, her intention to appear, and her filing of her motion to reopen. While this addressed Arredondo's intention to appear, it did not include a discussion of the merits of her case for relief from removal.