**Patricia Mireles SANCHEZ, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 14–70267**

United States Court of Appeals, Ninth Circuit.

Submitted September 26, 2017 *

OCTOBER 3, 2017

Alejandro Garcia, Law Offices Of Alejandro Garcia, Commerce, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Kathryn McKinney, OIL, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

**MEMORANDUM ***

Patricia Mireles Sanchez, a native and citizen of Mexico, petitions for review of

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her motion to reopen in absentia removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of constitutional violations. *Martinez–Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011), and we review for abuse of discretion the denial of a motion to reopen, *Arredondo v. Lynch*, 824 F.3d 801, 805 (9th Cir. 2016). We deny the petition for review.

The agency did not err or violate due process in finding Mireles Sanchez removable as charged, because *Samayoa–Martinez v. Holder* forecloses her contention that her statements to immigration officials at the border were obtained in violation of 8 C.F.R. § 287.3(c). 558 F.3d 897, 901–02 (9th Cir. 2009); *see Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and substantial prejudice to prevail on a due process claim).

The agency also did not err or violate due process by admitting the Form I–213, Record of Deportable/Inadmissible Alien and the Record of Sworn Statement, where the documents submitted were probative, their admission was fundamentally fair, and Mireles Sanchez failed to establish that they were inaccurate or obtained by coercion. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) ("The burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence, who must come forward with enough negative factors to persuade the court not to admit it." (internal citations omitted)); *Lata*, 204 F.3d at 1246.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

The agency did not abuse its discretion in denying Mireles Sanchez's motion to reopen, where Mireles Sanchez's evidence was insufficient to demonstrate an exceptional circumstance that prevented her from attending her hearing on June 13, 2012. *See* 8 C.F.R. § 1003.23(b)(4)(ii); 8 U.S.C. § 1229a(e)(1) (defining exceptional circumstances as circumstances beyond the control of the alien).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.