NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS CAMPOS MENDOZA,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW G. WHITAKER, Acting<br>Attorney General,<br><br>Respondent. | No. 15-72433<br><br>Agency No. A205-536-319<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 23, 2019[**]

Before: TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

José Luis Campos Mendoza, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's order denying his motion to reopen removal proceedings

conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

review the denial of a motion to reopen for an abuse of discretion. *Arredondo v. Lynch*, 824 F.3d 801, 805 (9th Cir. 2016). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Campos Mendoza's motion to reopen to rescind his absentia order, where he did not establish that exceptional circumstances excused his failure to appear at his hearing. *See* 8 U.S.C. § 1229a(e)(1); *Arredondo*, 824 F.3d at 805. We reject the contention that the agency applied an incorrect legal standard.

The agency did not abuse its discretion in denying Campos Mendoza's motion to reopen to apply for cancellation of removal, where he did not establish prima facie eligibility for the relief sought. *See* 8 C.F.R. § 1003.23(b)(3); *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (holding that petitioner bears the burden of demonstrating prima facie eligibility). We reject Campos Mendoza's contention that he should be provided an opportunity to rebut the contents of his Form I-213 through testimony. *See* 8 C.F.R. § 1003.23(b)(3) (providing that a motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits and other evidentiary material"); *cf. Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) (holding that an I-213 is presumed to be reliable).

We lack jurisdiction to consider Campos Mendoza's unexhausted contentions regarding the reliability of a printout listing his voluntary returns, and the outcome of his 2013 criminal case. *See Tijana v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

Campos Mendoza's motion to supplement the record, Docket Entry No. 10, is denied.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**