**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KERIT LAMAR JOHNSON, | No.    17-70720 |
| Petitioner, | Agency No. A205-311-853 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019**

Before:     McKEOWN, BYBEE, and OWENS, Circuit Judges.

Kerit Lamar Johnson, a native and citizen of Jamaica, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his motion to reopen removal proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review the denial of a motion to reopen for an abuse of discretion. *Arredondo v. Lynch*, 824 F.3d 801, 805 (9th Cir. 2016). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Johnson's motion to reopen as untimely where it was filed seven months after the IJ's order of removal and Johnson failed to show that he did not fail to appear at his final removal hearing. *See* 8 C.F.R. § 1003.23(b)(4)(ii) (in absentia removal order "may be rescinded only upon a motion to reopen filed within 180 days after the date of the order of removal, if the alien demonstrates that the failure to appear was because of exceptional circumstances"); *see also Perez v. Mukasey*, 516 F.3d 770, 774 (9th Cir. 2008) ("a petitioner who arrives late for his immigration hearing, but while the IJ is still in the courtroom, has not failed to appear for that hearing").

To the extent Johnson contends his motion to reopen was timely filed because he sent a request for a new hearing to the BIA in April 2016, we lack jurisdiction to consider this unexhausted contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (this court lacks jurisdiction to review contentions not raised before the agency).

We do not consider the extra-record evidence that Johnson submitted for the first time with his opening brief. *See* 8 U.S.C. § 1252(b)(4)(A); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record

17-70720

evidence).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**