**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELIODORO QUIROZ,

        Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

        Respondent.

No.   18-70221

Agency No. A205-554-764

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020[**]

Before:    FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Eliodoro Quiroz, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his motion to reopen and reconsider the IJ's prior denial of Quiroz's motion to reopen and rescind his in absentia removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen or reconsider. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Quiroz's second motion to reopen proceedings conducted in absentia, where Quiroz failed to demonstrate extraordinary circumstances to excuse his absence from his hearing. *See* 8 U.S.C. § 1229a(b)(5)(C); *Arredondo v. Lynch*, 824 F.3d 801, 805-06 (9th Cir. 2016) (setting forth the standards governing a motion to reopen and discussing exceptional circumstances); *Valencia-Fragoso v. INS*, 321 F.3d 1204, 1205-06 (9th Cir. 2003) (discussing exceptional circumstances).

The agency did not abuse its discretion in denying Quiroz's motion to reconsider where his motion failed to identify any error of fact or law in the IJ's prior order. *See* 8 C.F.R. § 1003.23(b)(2). Quiroz conceded in his second motion that his rationale in his first motion for his failure to appear was inaccurate, and the documentary evidence he provided to the agency contradicted the initial reason he gave for his failure to appear.

We lack jurisdiction to review the agency's denial of sua sponte reopening, where Quiroz does not raise a claim of legal or constitutional error underlying the agency's decision. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**