NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELVIRA ORTEGA, | No.    18-71610 |
| Petitioner, | Agency No. A079-160-650 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020[**]

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Elvira Ortega, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's order denying her motion to reopen removal proceedings conducted in

absentia.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

discretion the denial of a motion to reopen and review de novo questions of law.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny the petition for review.

The agency did not abuse its discretion in denying Ortega's motion to reopen for failure to show that exceptional circumstances caused her failure to appear. *See* 8 U.S.C. § 1229a(b)(5)(C); *Vukmirovic v. Holder*, 640 F.3d 977, 979 (9th Cir. 2011) (en banc) (no exceptional circumstances where, among other factors, the petitioner did not have a strong likelihood of relief); *cf. Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (exceptional circumstances where the petitioner appeared eligible for relief as the beneficiary of an approved family petition, and the government had conceded that apart from a few formalities, petitioner would not have been ordered deported if the hearing had been held). Nor did the agency err in considering the likelihood of Ortega obtaining the relief sought as part of its exceptional circumstances analysis. *See Vukmirovic*, 640 F.3d at 979 (considering that "there does not exist in this record any strong likelihood of relief"); *Chete Juarez v. Ashcroft*, 376 F.3d 944, 948 (9th Cir. 2004) (considering that "the [immigration judge] likely would have granted Petitioner the relief she sought").

**PETITION FOR REVIEW DENIED.**