NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGEL GONZALEZ-GARCIA, | No. 17-71880 |
| Petitioner, | Agency No. A205-716-997 |
| v. | Board of Immigration Appeals |
| WILLIAM P. BARR, Attorney General | MEMORANDUM[*] |
| Respondent, | |

Appeal from the Board of Immigration Appeals

Submitted April 15, 2020[**]
San Francisco, California

Before: BERZON and IKUTA, Circuit Judges, and LEMELLE,[***] Senior District Judge.

Petitioner Angel Gonzalez-Garcia appeals the Board of Immigration

Appeal's (BIA) decision affirming the denial of petitioner's motion to reopen

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      This appeal is ordered submitted on the briefs as of April 15, 2020, pursuant to Fed. R. App. P. 34(a)(2).

[***]      The Honorable Ivan L.R. Lemelle, Senior United States District Judge for the Eastern District of Louisiana, sitting by designation.

removal proceedings by the Immigration Court (IJ). Petitioner also moves to remand based on *Pereira v. Sessions*, ---U.S.----, 138 S. Ct. 2105 (2018).

The IJ ruled that petitioner's removability was established by clear and convincing evidence and ordered removal *in absentia*. In response to petitioner's lack of proper notice claims, the IJ found: "Although the [petitioner] diligently appeared for ISAP, after learning . . . that he missed his February 9, 2016, hearing, the [petitioner] 'failed to advise . . . the immigration court of his whereabouts' and 'did not demonstrate the diligence necessary for a finding of exceptional circumstances.'" (quoting *Vukmirovic v. Holder*, 640 F.3d 977, 978–79 (9th Cir. 2011). Exceptional circumstances must include a severe impediment. *Singh-Bhathal v. INS*, 170 F.3d 943, 947 (9th Cir. 1999).

Contrary to petitioner's argument, the BIA did not act arbitrarily and provided sufficient reasoning in its decision. As it incorporated the IJ's decision, we treat the IJ's statement of reasons as the BIA's. *See Alaelua v. I.N.S.*, 45 F.3d 1379, 1382 (9th Cir. 1995).

Petitioner maintains he was confused about the location of the Immigration Court. Despite an incorrect court address in an earlier notice to appear (NTA), subsequent notices of hearing from the Immigration Court informed petitioner of the address for removal proceedings. Additionally, petitioner failed to keep the agency informed of his address. Being confused about the location of a meeting

2

can be remedied with a simple question. There is nothing exceptional about being confused. *Valencia-Fragoso v. INS*, 321 F.3d 1204, 1205–06 (9th Cir. 2003).

Petitioner also contends the BIA improperly relied on a failure to submit an application for relief demonstrating a prima facie case of eligibility. Unlike the petitioner in *Yeghiazaryan v. Gonzales,* 439 F.3d 994, 997 (9th Cir. 2006), petitioner never stated an intention to submit supporting evidence. Instead, he merely offered to provide evidence if the Court *requested*. It was petitioner's obligation to provide that factual support. The conclusory claim of entitlement to "T-nonimmigrant status or defensive asylum", fails to present a prima facie basis for relief. *Singh v. I.N.S.*, 213 F.3d 1050, 1054 n. 8 (9th Cir. 2000) (noting counsel's statements in briefs are not evidence and not entitled to evidentiary weight) (citing *Ramirez-Sanchez*, 17 I&N Dec. 503 (BIA 1980)).

The BIA declined to exercise its *sua sponte* authority to reopen a removal order issued *in absentia* under 8 C.F.R. § 1003.2 to consider petitioner's public policy arguments. The discretionary *sua sponte* authority is used rarely and only in exceptional situations. The IJ determined no such situation existed. *In re G-D-*, 22 I&N Dec. 1132, 1134–35 (BIA 1999) (citing *In re J-J-,* 21 I&N Dec. 976, 984 (BIA 1997)). Where, as here, the agency committed no legal or constitutional error in declining *sua sponte* reopening, this court lacks jurisdiction to review the

discretionary decisions at issue. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

Petitioner's motion to remand for a jurisdictional analysis is precluded by *Karingithi v. Whitaker*, 913 F. 3d 1158 (9th Cir. 2019); *see also In re Bermudez-Cota*, 27 I&N Dec. 441, 447 (2018) ("a notice to appear that does not specify the time and place of an alien's initial removal hearing vests an immigration judge with jurisdiction over the removal proceedings . . . so long as a notice of hearing specifying this information is later sent to the alien."). While the initial charging document, styled as a NTA, did not specify the time and place of petitioner's removal hearing, the subsequently issued notices of hearing remedied that defect, thereby conferring jurisdiction over petitioner in the Immigration Court. *Id.; Karingithi*, 913 F. 3d at 1159.

**PETITION DENIED.**