**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCOS ALEJANDRO GARCIA-CARRILLO,<br><br>  Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>  Respondent. | No. 18-72343<br><br>Agency No. A209-795-992<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2020[**]
Pasadena, California

Before: GRABER and COLLINS, Circuit Judges, and BOULWARE,[***] District
Judge.

Petitioner Marcos Alejandro Garcia-Carrillo seeks review of the Board of

Immigration Appeals' ("BIA") dismissal of his appeal of the immigration judge's

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Richard F. Boulware II, United States District Judge
for the District of Nevada, sitting by designation.

("IJ") denial of reconsideration of Petitioner's motion to reopen his removal proceedings. Reviewing for abuse of discretion, <u>Cano-Merida v. INS</u>, 311 F.3d 960, 964 (9th Cir. 2002), we deny the petition.

Accepting Petitioner's explanation for his late arrival to his immigration hearing—a lost driver for Uber—as true, <u>see</u> <u>Arredondo v. Lynch</u>, 824 F.3d 801, 806 (9th Cir. 2016) (holding that, on a motion to reopen, the agency generally "must accept as true the facts stated in the petitioner's affidavits unless they are inherently unbelievable" (quoting <u>Limsico v. INS</u>, 951 F.2d 210, 213 (9th Cir. 1991)) (brackets omitted)), the BIA did not abuse its discretion in concluding that Petitioner did not present exceptional circumstances that excused his failure to appear. <u>See</u> 8 U.S.C. § 1229a(b)(5)(C)(i) (providing that an IJ may rescind her order for removal in absentia "if the alien demonstrates that the failure to appear was because of exceptional circumstances").

We cannot materially distinguish Petitioner's misfortune from that of the petitioner in <u>Arredondo</u>, who, we held, did not provide "exceptional circumstances" when she arrived late to court because of her car's mechanical failure. 824 F.3d at 806. As in <u>Arredondo</u>, Petitioner "left little margin for error" for a relatively common travel snafu, whether that be a lost driver, an overheated car, or Los Angeles' notorious traffic. <u>Id.</u> Nor does Petitioner contend that he is

2

"facially eligible for [a] status adjustment," such that denial of his motion to reopen constitutes the "unconscionable result of deporting an individual eligible for relief from deportation." <u>Singh v. INS</u>, 295 F.3d 1037, 1038, 1040 (9th Cir. 2002).

**PETITION DENIED.**