**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FAYCAL ATORKY, | No. 18-71203 |
| Petitioner, | Agency No. A205-272-480 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2021**

Before: WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Faycal Atorky, a native and citizen of Morocco, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his motion to reopen and rescind his

in absentia removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Atorky's motion to reopen removal proceedings conducted in absentia, where Atorky failed to demonstrate exceptional circumstances to excuse his absence from the hearing. *See* 8 U.S.C. § 1229a(b)(5)(C); *Arredondo v. Lynch*, 824 F.3d 801, 805-06 (9th Cir. 2016) (setting forth the standards governing when a motion to reopen may rescind an in absentia removal order and discussing exceptional circumstances); *see also Celis-Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir. 2002) (concluding BIA did not abuse its discretion in determining that petitioner's evidence, consisting of a declaration and a medical form, failed to establish that his asthma attack amounted to "exceptional circumstances").

We reject as unsupported by the record Atorky's contentions that the BIA applied an incorrect standard or deprived him of due process by failing to consider the totality of the circumstances.

We lack jurisdiction to review the BIA's denial of sua sponte reopening, where Atorky does not raise a claim of legal or constitutional error underlying the

BIA's decision.  *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**