FILED

AUG 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMERSON JOHAN GOMEZ-MORALES, | Nos. 20-73328, 22-1602 |
| Petitioner, | Agency No. A203-685-594 |
| v. | |
| MERRICK B. GARLAND, U.S. Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2023[**]
San Francisco, California

Before: CALLAHAN, BADE and BRESS, Circuit Judges.

Emerson Johan Gomez-Morales, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' (BIA) denial of his motions to

reopen. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

petitions for review.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Valeriano v. Gonzales*, 474 F.3d 669, 672 (9th Cir. 2007); *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002).

**1.** Under the abuse of discretion standard, we reverse the denial of a motion to reopen only if it is "arbitrary, irrational, or contrary to law." *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022) (quoting *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017)). An in-absentia removal order may be rescinded "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). The BIA "'must examine the totality of the circumstances' in determining whether an exceptional circumstance has been shown." *Arredondo v. Lynch*, 824 F.3d 801, 806 (9th Cir. 2016) (quoting *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir. 2002)).

Gomez-Morales asserts in his first motion to reopen that the BIA abused its discretion by failing to consider all evidence and engaging in speculation when it determined that he failed to show exceptional circumstances for missing his court appearance before an Immigration Judge (IJ). Gomez-Morales alleged that while driving to his court hearing with his uncle, the car began smoking and stalled,

2

causing him to miss his appearance because he did not have another way to get to court.

In denying his motion to reopen, the IJ held that there was insufficient evidence explaining why Gomez-Morales could not have walked to court, and on appeal the BIA noted that Gomez-Morales could have taken a taxi or public transportation to his hearing. It noted that his duty to attend court was superior to that of staying with his uncle to get the car towed.

Gomez-Morales does not deny that he could have made it to court through other means (Gomez-Morales later asserted that he took the bus and made it to court). The BIA appropriately considered the totality of the circumstances, and Gomez-Morales has not shown that the BIA abused its discretion in finding there were no exceptional circumstances.

2. An applicant may file only one motion to reopen removal proceedings and must do so within 90 days of the date of entry of a final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i). However, we have held that a noncitizen "can secure review of a motion to reopen that would otherwise be time- and number-barred if the deadline is subject to equitable tolling." *Perez-Camacho v. Garland*, 54 F.4th 597, 605-06 (9th Cir. 2022). Equitable tolling applies when "a petitioner is prevented from filing because of deception, fraud, or error, as long

as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003).

In his second motion to reopen, Gomez-Morales again alleges that the BIA abused its discretion by failing to consider all the evidence and in finding the motion not subject to equitable tolling. In that motion, Gomez-Morales for the first time asserted that after the car broke down, he took the bus to court, but his attorney told him not to go inside. He further claimed that his attorney only informed him of his hearing date on the actual day of the hearing, thus he was rushing to get to court. The BIA noted that this was the first instance of Gomez-Morales claiming he took a bus to court, and that if he received ineffective assistance of counsel, he should have included the claim in his first motion to reopen.

Gomez-Morales' assertions in his second motion to reopen undermine his claims in his first petition for review that the IJ and BIA used personal biases in failing to consider whether public transportation options were available to a person without English skills. Moreover, contrary to the assertion that the BIA ignored his declaration, the BIA considered the declaration and found inconsistencies. It noted that the notice of hearing had been mailed to his address weeks before the hearing. It found that Gomez-Morales failed to act with due diligence because he became aware of counsel's alleged ineffectiveness on the day of the hearing but

4

did not take reasonable steps to investigate the issue and failed to raise it in his first motion to reopen. Furthermore, the allegation that Gomez-Morales' attorney told him not to enter the courtroom once he arrived at the court was inconsistent with his claim in the first motion to reopen that Gomez-Morales never arrived at court. Because Gomez-Morales has not shown that he was prevented from filing his second motion to reopen "because of deception, fraud, or error," he fails to show the BIA abused its discretion in holding that his motion was number-barred and not subject to equitable tolling. *See Iturribarria*, 321 F.3d at 897.

**PETITIONS DENIED**.