NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARIS BABASYAN, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-153 <br><br> Agency No. <br> A095-571-098 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 2, 2024**
Pasadena, California

Before: R. NELSON, VANDYKE, and SANCHEZ, Circuit Judges.

Baris Babasyan, a native and citizen of Armenia, seeks review of the Board

of Immigration Appeals' ("BIA" or the "Board") decision affirming the

Immigration Judge's denial of Babasyan's motion to reopen proceedings and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

rescind the *in absentia* removal order against him. We have jurisdiction to review final orders of removal under 8 U.S.C. § 1252(a)(1). *See Park v. Garland*, 72 F.4th 965, 973 (9th Cir. 2023). We review for abuse of discretion the BIA's denial of a motion to reopen proceedings conducted *in absentia*, *see Kucana v. Holder*, 558 U.S. 233, 242 (2010), and we deny the petition.

1. On March 14, 2017, Babasyan failed to appear for cross-examination at an Immigration Court hearing in Los Angeles, California. The Immigration Judge ordered Babasyan removed *in absentia* to Armenia. As explained by Babasyan in an unsuccessful motion to reopen proceedings, Babasyan did not attend the scheduled hearing because he had been driving across the United States for work and had missed his flight back home due to snow and related traffic. Accepting Babasyan's version of events, the BIA nevertheless denied Babasyan's motion to reopen based on his failure to demonstrate that "exceptional circumstances" prevented his attendance at the removal hearing. *See* 8 U.S.C. § 1229a(b)(5)(C)(i).

2. An immigration judge may rescind an *in absentia* removal order upon a motion to reopen "if the alien demonstrates that the failure to appear was because of exceptional circumstances." *Id.* § 1229a(b)(5)(C). In turn, "exceptional circumstances" are those "such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of

the spouse, child, or parent of the alien, but not including less compelling circumstances[] beyond the control of the alien." *Id.* § 1229a(e)(1).

This Court "must look to the 'particularized facts presented in each case' in determining whether the petitioner has established exceptional circumstances." *Arredondo v. Lynch*, 824 F.3d 801, 805 (9th Cir. 2016) (quoting *Singh v. INS*, 295 F.3d 1037, 1040 (9th Cir. 2002)). "'[T]he Board must examine the totality of the circumstances' in determining whether exceptional circumstances have been shown." *Id.* at 806 (quoting *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir. 2002)). We have observed that a showing of exceptional circumstances "is a difficult burden to meet" that "must include a similarly severe impediment" as the statute's non-exhaustive enumerated examples. *Id.* at 805–06 (internal quotation marks and citations omitted). Non-exceptional circumstances include automobile mechanical failure alone, *id.*, traffic congestion, or trouble finding parking, *Sharma v. INS*, 89 F.3d 545, 547–48 (9th Cir. 1996).

This Court "must uphold the agency's decision" to deny a motion to reopen "unless it is 'arbitrary, irrational, or contrary to law.'" *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022) (citation omitted). Here, the BIA denied Babasyan's motion to reopen after determining that the circumstances giving rise to his absence from the removal hearing "were avoidable, rather than exceptional." The BIA noted that Babasyan chose to undertake a work-related

3

road trip to Ohio only five days before his scheduled removal hearing in Los Angeles and planned to return via a flight to Las Vegas, Nevada the night before his hearing. The BIA reasonably determined that Babasyan did not "allow adequate time for his trip given the traffic and winter weather conditions." As the Immigration Judge reasoned, Babasyan missing his flight "was not an exceptional circumstance, but rather a predictable consequence of [his] actions with respect to winter travel." Babasyan "repeatedly took chances and tempted fate," which "finally caught up with him."

3.     Babasyan also contends that the BIA abused its discretion when it failed to consider the underlying merits of his claim for relief from removal. It is true that "[t]he totality of the circumstances also includes the merits of [Babasyan's] pending claim for relief when 'the denial [of a motion to reopen] leads to the unconscionable result of deporting an individual eligible for relief.'" *Arredondo*, 824 F.3d at 806 (quoting *Singh*, 295 F.3d at 1040); *see also Chete Juarez v. Ashcroft*, 376 F.3d 944, 948–49 (9th Cir. 2004). Babasyan, however, fails to demonstrate that he is likely to succeed on the merits of his asylum claim so as to render the removal order unconscionable. The Department of Homeland Security had previously denied Babasyan's affirmative asylum application for submission of fraudulent documents, and Babasyan was due to appear for cross-examination in the middle of a contested merits hearing. Moreover, the

4

Immigration Judge made an adverse credibility determination against Babasyan as the sole witness in his family's parallel asylum application, giving no weight to his "non-credible" testimony. Babasyan has not shown that he is likely to prevail in his application for relief such that the removal order is an unconscionable result. *Cf. Chete Juarez*, 376 F.3d at 948–49; *Singh*, 295 F.3d at 1039–40.

Under the totality of the circumstances, Babasyan thus fails to show the requisite exceptional circumstances and cannot establish that the BIA acted arbitrarily, irrationally, or contrary to law in affirming the denial of his motion to reopen. *See Hernandez-Ortiz*, 32 F.4th at 800.

**PETITION DENIED.**