NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE JUAN HERNANDEZ-FARIAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    20-70488

Agency No. A206-100-771

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2024**
San Francisco, California

Before: GOULD, SUNG, and DE ALBA, Circuit Judges.

Jose Juan Hernandez Farias is a native and citizen of Mexico. Hernandez

Farias petitions for review of the Board of Appeals' ("BIA") dismissal of his

appeal of an immigration judge's ("IJ") denial of his motion to reopen his *in

absentia* removal order. We have jurisdiction under 8 U.S.C. § 1252, and "[w]e

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review the denial of a motion to reopen for abuse of discretion." *Bent v. Garland*, 115 F.4th 934, 939 (9th Cir. 2024). "Where, as here, the BIA adopts the decision of the IJ and affirms without opinion, we review the decision of the IJ as the final agency determination . . . ." *Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir. 2005). We deny the petition for review.

1. Hernandez Farias entered the United States without inspection on or about October 2002. On March 14, 2014, the Department of Homeland Security ("DHS") filed a Notice to Appear ("NTA") with the immigration court which alleged that Hernandez Farias was removable as a non-citizen present in the United States without having been admitted or paroled. On June 5, 2015, DHS moved to administratively close Hernandez Farias's removal proceedings, but specified that either "party may file a motion to recalendar [the proceedings] with this [immigration] Court." The IJ granted the motion.

2. On October 25, 2018, DHS moved to recalendar Hernandez Farias's removal proceedings. The IJ granted the motion on November 5, 2018. The IJ set a hearing for February 19, 2019. Hernandez Farias's counsel of record received notice of the hearing but was unable to locate Hernandez Farias before the hearing. Counsel reported that she inquired about Hernandez Farias's whereabouts, "including visiting his last known address." Counsel moved for an extension of time, which the court granted, and the hearing was continued to April 16, 2019.

Counsel was still unable to contact Hernandez Farias by April 16, 2019, and Hernandez Farias did not appear at the hearing. The IJ found Hernandez Farias removable *in absentia.* On July 25, 2019, counsel for Hernandez Farias filed a motion to reopen and rescind the *in absentia* order. The IJ denied the motion, and the BIA affirmed on appeal.

3.     An *in absentia* removal order may be rescinded and a matter reopened at any time if the petitioner demonstrates that there was improper notice. 8 U.S.C. § 1229a(b)(5)(C)(ii). The *in absentia* removal order may also be rescinded within 180 days of issuance if the petitioner demonstrates that his failure to appear was for "exceptional circumstances." *Id*. § 1229a(b)(5)(C)(i). The IJ held that Hernandez Farias did not demonstrate improper notice. As evidenced by her presence at the February 2019 hearing, Hernandez Farias's counsel received notice of the hearing. *See Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000). Further, the IJ observed that counsel received notice of the April hearing when it was hand-delivered to her at the court during the February proceedings. The IJ also denied reopening on the basis of "exceptional circumstances," holding that counsel's inability to locate Hernandez Farias was not exceptional.

4.     Hernandez Farias contends that the IJ erred by failing to apply the appropriate test in deciding that "exceptional circumstances" did not apply. Hernandez Farias argues that the IJ did not consider factors such as his likelihood

of success on the merits of a potential cancellation of removal claim, his motive, or the effects of deportation on his family. However, Hernandez Farias did not raise these factors before the IJ, so the IJ's failure to consider them was not an abuse of discretion. *See* 8 U.S.C. § 1229a (stating that the movant must "demonstrate[] that failure to appear was because of exceptional circumstances"). Moreover, in *Vukmirovic v. Holder* we concluded that a petitioner's failure to appear is not excused where that failure is caused by petitioner's lack of diligence in keeping counsel updated on his changes of address, and petitioner otherwise fails to establish exceptional circumstances. *See* 640 F.3d 977, 979 (9th Cir. 2011). Hernandez Farias's argument is unpersuasive, and we deny the petition for review.

5. Although Hernandez Farias also contends that changes in federal immigration policy constituted "exceptional circumstances," he did not raise this argument before the BIA or the IJ. Per 8 U.S.C. § 1252(d)(1), a petitioner must "exhaust" an issue in administrative proceedings before seeking judicial review. This exhaustion requirement is a "claim-processing rule" and is not, as the government contends, jurisdictional. *Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023). However, we generally enforce claims-processing rules where, as here, the rule is properly raised. *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024). We therefore do not reach Hernandez Farias's change-in-policy argument.

**PETITION FOR REVIEW DENIED.**

4