NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASKARAN SINGH, <br><br> Petitioner, <br><br> v. <br><br> JAMES R. MCHENRY III, Acting Attorney General, <br><br> Respondent. | No. 21-680 <br><br> Agency No. A215-827-712 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2025[**]
San Francisco, California

Before: H.A. THOMAS and MENDOZA, Circuit Judges, and BOLTON, District Judge.[***]

Jaskaran Singh is a citizen of India. He petitions for review of a decision of

the Board of Immigration Appeals ("BIA"), which denied his motion to reopen and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

rescind his in absentia removal order. We have jurisdiction under 8 U.S.C. § 1252. "We review the BIA's denial of a motion to reopen for abuse of discretion." *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021). We deny the petition.

An in absentia removal order can be rescinded if a petitioner files a motion to reopen within 180 days and demonstrates that his "failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). "The term 'exceptional circumstances' refers to exceptional circumstances (such as battery or extreme cruelty to the [noncitizen] or any child or parent of the [noncitizen], serious illness of the [noncitizen], or serious illness or death of the spouse, child, or parent of the [noncitizen], but not including less compelling circumstances) beyond the control of the [noncitizen]." 8 U.S.C. § 1229a(e)(1). Although these "enumerated examples are not an exhaustive list, exceptional circumstances require a showing of a 'similarly severe impediment.'" *Hernandez-Galand*, 996 F.3d at 1034 (quoting *Arredondo v. Lynch*, 824 F.3d 801, 805 (9th Cir. 2016)). To determine whether exceptional circumstances exist, we look to the "particularized facts" and the "totality of the circumstances" of each case. *Id.* (internal citations omitted).

Singh's confusion about the date and location of his hearing is not an exceptional circumstance under this standard. Singh was personally served with a

notice stating that his hearing would occur in San Diego, California on December 17, 2018. The notice advised him that failure to appear could result in the entry of an in absentia removal order. Singh has not demonstrated that his failure to appear was due to circumstances beyond his control. *See Vukmirovic v. Holder*, 640 F.3d 977, 978–79 (9th Cir. 2011); *Valencia-Fragoso v. INS*, 321 F.3d 1204, 1205–06 (9th Cir. 2003) (per curiam).

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues.