NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIA JOSEFA DIEGO-MIGUEL; JUAN FIDELINO PEDRO-DIEGO; MATEO RODRIGO PEDRO-DIEGO, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 21-70340 <br><br> Agency Nos. A213-152-820 <br> A213-152-821 <br> A213-152-822 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 2, 2026**
Portland, Oregon

Before: CHRISTEN, HURWITZ, and DESAI, Circuit Judges.

Petitioners Antonia Josefa Diego-Miguel ("Diego-Miguel") and her two

children, Juan Fidelino Pedro Diego and Mateo Rodrigo Pedro Diego, petition for

review of a Board of Immigration Appeals ("BIA") decision dismissing their appeal

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

of an immigration judge's ("IJ") denial of a motion to reopen their in absentia removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. *Arredondo v. Lynch*, 824 F.3d 801, 805 (9th Cir. 2016). We deny the petition.

1. An in absentia removal order may be rescinded "if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). To determine whether a petitioner has established exceptional circumstances, the BIA must consider the totality of the circumstances. *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir. 2002). The agency considered the totality of the circumstances surrounding petitioners' failure to attend their hearing and concluded that petitioners failed to demonstrate that their mail arrangement was a circumstance out of their control or that Diego-Miguel missed the hearing due to debilitating pregnancy complications. On this record, the agency's conclusion was not "arbitrary, irrational, or contrary to law." *Arredondo*, 824 F.3d at 805 (citation modified). The BIA therefore did not abuse its discretion.

2. An in absentia removal order may also be rescinded if the noncitizen demonstrates that they did not receive statutorily adequate notice. 8 U.S.C. § 1229a(b)(5)(C)(ii). The BIA did not abuse its discretion by affirming the denial of petitioners' motion to reopen because they did not establish that they lacked notice of their hearing.

2

First, reopening is not warranted if a notice to appear ("NTA") states that immigration proceedings will take place at a time and place "to be set" and a notice of hearing ("NOH") detailing the time and place of immigration proceedings is later sent. *Campos-Chaves v. Garland*, 602 U.S. 447, 461–62 (2024). The agency properly concluded that petitioners' NTAs were not defective solely because they listed a time and date "to be set" because they were later sent NOHs that detailed the time and place of their hearings.

Second, the agency concluded that petitioners did not rebut the presumption of delivery after considering "all relevant evidence submitted," including petitioners' "statement" through counsel and circumstantial evidence surrounding petitioners' claim of nonreceipt. *See Matter of M-R-A-*, 24 I. & N. Dec. 665, 673–74 (BIA 2008); *Perez-Portillo v. Garland*, 56 F.4th 788, 793 (9th Cir. 2022). The NOHs were sent to the address Diego-Miguel provided, they were never returned as undeliverable, and petitioners failed to submit an affidavit from her housemate who was allegedly responsible for the mail or any other corroborating evidence of their nonreceipt of the NOHs. On this record, the agency's conclusion was not "arbitrary, irrational, or contrary to law." *See Arredondo*, 824 F.3d at 805 (citation modified).

Petition **DENIED**.[1]

---

[1] Petitioners' motion for miscellaneous relief (Dkt. 62) is **DENIED**.