FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| VARINDER SINGH, | No.20-70050 |
| *Petitioner*, | Agency No. A209-393-493 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | OPINION |
| *Respondent*. | |

On Remand from the United States Supreme Court

Filed September 17, 2024

Before:  M. Margaret McKeown and Ronald M. Gould, Circuit Judges, and Donald W. Molloy, [*] District Judge.

Opinion by Judge Gould

---

[*] The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

## SUMMARY[**]

### Immigration

On remand from the United States Supreme Court, the panel granted Varinder Singh's petition for review of a decision of the Board of Immigration Appeals denying his motion to reopen a removal order entered *in absentia*, vacated the BIA's decision, and remanded.

The panel previously granted Singh's petition because his Notice to Appear lacked the time and date of his hearing. The Supreme Court vacated the panel's judgment and remanded for the panel to address Singh's argument that his *in absentia* removal order was subject to recission because his failure to appear at his hearing was due to "exceptional circumstances" under 8 U.S.C. § 1229a(b)(5)(C)(i).

The panel concluded that the BIA, in rejecting Singh's argument, failed to consider the totality of the circumstances. First, the BIA omitted certain factors. It never addressed the merits of his applications for relief, nor whether his removal would be unconscionable. The BIA also did not consider the extent to which the hearing was rescheduled.

Second, the panel concluded that the BIA erred by failing to provide an adequately reasoned decision on the factors it did analyze. For example, in rejecting Singh's claim that he expected his attorney to receive hearing notices and relied on his attorney's repeated statements that his hearing was set for 2021, the BIA summarily concluded that Singh did not

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

satisfy the factors set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), for ineffective assistance of counsel claims. However, the panel explained that Singh did not have to substantially comply with *Lozada* for the BIA to consider the involvement of his attorney as one of many occurrences that, together, might constitute exceptional circumstances.

Based on the BIA's limited analysis and omission of certain factors, the panel remanded because it could not assess whether exceptional circumstances warranted recission of Singh's *in absentia* removal order

## COUNSEL

Saad Ahmad (argued), Saad Ahmad & Associates, Fremont, California, for Petitioner.

William C. Minick (argued), Trial Attorney; Elizabeth K. Fitzgerald-Sambou, Senior Litigation Counsel; Linda S. Wernery, Assistant Director; Civil Division, Office of Immigration Litigation; Jeffrey B. Clark, Acting Assistant Attorney General; United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

GOULD, Circuit Judge:

Petitioner Varinder Singh, a native and citizen of India, seeks recission of a removal order entered *in absentia*. We previously granted Singh's petition because the government did not provide Singh with a Notice to Appear (NTA) setting forth the time and date of removal proceedings in compliance with 8 U.S.C. § 1229(a)(1), but the Supreme Court rejected our interpretation of this statutory provision. *Campos-Chaves v. Garland*, 144 S. Ct. 1637, 1649 (2024). The Supreme Court vacated our prior judgment and remanded for us to address Singh's alternative argument that his *in absentia* removal order is subject to recission because of "exceptional circumstances" under 8 U.S.C. § 1229a(b)(5)(C)(i). *Id.* at 1651 & n.2. Because the Board of Immigration Appeals (BIA) did not consider the totality of the circumstances presented in the record, we conclude that the BIA should more fully address whether exceptional circumstances warranted recission of the *in absentia* removal order. We grant Singh's petition, vacate the order denying Singh's motion to reopen his proceedings, and remand to the BIA for further proceedings consistent with this opinion.

## BACKGROUND[1]

On November 30, 2016, Singh was charged with removal and personally served with an NTA. The NTA

---

[1] The facts set forth in this section are based on Singh's affidavit, which the agency must credit. *See Arredondo v. Lynch*, 824 F.3d 801, 805–806 (9th Cir. 2016) ("[I]n ruling on a motion to reopen, the agency 'must

stated "TBD"[2] in lieu of a date or time for hearing. Singh posted bond and, from December 2016 to December 2018, stayed with a family friend who owned two homes in Indiana. Singh resided at a home in Hammond, Indiana, but listed the address of a home in Dyer, Indiana, as his mailing address because his family friend told him that the Dyer address was more reliable for receiving mail.

In March 2017, Singh retained Gurpatwant Pannun as his attorney. Pannun filed Singh's applications for asylum and withholding of removal and told Singh that his hearing was scheduled for sometime in 2021. However, unbeknownst to Singh, Pannun did not file a notice of appearance as Singh's attorney. In May 2017, Singh received a fingerprinting notification related to his asylum and withholding applications that U.S. Citizenship and Immigration Services mailed to the home in Dyer. In December 2017, Singh received a work permit and thereafter worked at his family friend's gas station in Indiana until late November 2018. On December 10, 2018, Singh moved to Fresno, California to seek a better paying job. Singh called Pannun's office several times to ask about his hearing date, and Pannun's office repeatedly confirmed that his hearing would be held in 2021. But unknown to Singh, his hearing had been moved up by more than two years. Because Pannun did not file a notice of appearance, Pannun never received notice that Singh's hearing had been moved up. And because of his living arrangement, Singh did not timely receive any of the

---

accept as true the facts stated in [the petitioner's] affidavits unless they are inherently unbelievable.'") (quoting *Limsico v. I.N.S.*, 951 F.2d 210, 213 (9th Cir. 1991)).

[2] The acronym "TBD" is commonly understood to mean "to be determined."

three hearing notices sent to the Dyer address: (1) the first notice sent December 6, 2016, setting Singh's hearing for January 29, 2021; (2) the second notice sent October 29, 2018, moving up the original hearing date by more than two years to November 26, 2018, a date less than one month away; and, after Singh failed to appear at the November 26, 2018 hearing, (3) the third notice sent November 26, 2018, resetting the hearing for December 12, 2018.

On February 14, 2019, Singh received a phone call from one of his family friend's employees telling him that he had received three letters sent to the Dyer address: (1) the second hearing notice sent October 29, 2018; (2) the third hearing notice sent November 26, 2018; (3) and a final letter informing him that he had been ordered deported from the United States *in absentia*. The first hearing notice sent December 6, 2016, was not received by Singh. Singh stated in his affidavit that when he received this call, he was shocked and requested that the letters be mailed to him immediately. Two days later, on February 16, 2019, Singh obtained the three letters. The next day, Singh called Pannun, who told him that there must be a mistake because Pannun still believed that the hearing was scheduled for 2021. After Singh sent Pannun a picture of his deportation order, Pannun asked Singh for additional payment to reopen Singh's case. Singh asked to be put on a payment plan, but Pannun rejected Singh's request. On March 20, 2019, Singh met with his current attorney, who allowed him to proceed with a payment plan. In April 2019, Singh timely filed his motion to reopen.

Before the immigration judge (IJ), Singh argued that the *in absentia* removal order was subject to recission because the "failure in the inner workings of [his family friend's] household" constituted exceptional circumstances. In two

sentences, the IJ held that "a failure in the inner workings of a household does not amount to exceptional circumstances" because household dynamics were not "beyond [Singh's] control." Singh appealed to the BIA, arguing that the IJ did not consider the totality of the circumstances, including his pending applications for asylum and withholding of removal. The BIA agreed with the IJ that a "failure in the inner workings of the household" is not an exceptional circumstance and dismissed Singh's appeal. Singh timely petitioned for review.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) and review the BIA's denial of a motion to reopen for abuse of discretion. *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Id.* (quoting *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014)). To properly act within its discretion, the BIA must give some "indication that it considered all of the evidence and claims presented by the petition." *Avagyan v. Holder*, 646 F.3d 672, 681 (9th Cir. 2011).

## DISCUSSION

An *in absentia* removal order can be rescinded if a petitioner files a motion to reopen within 180 days and demonstrates that his "failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). "The term 'exceptional circumstances' refers to exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances)

beyond the control of the alien."   8 U.S.C. § 1229a(e)(1).
The statutory examples are explicitly not exhaustive.  *Id.;
Hernandez-Galand*, 996 F.3d at 1034.  Because "exceptional
circumstances" are by definition unique, "we look to the
'particularized facts' and the 'totality of the circumstances'
of each case."    *Hernandez-Galand*, 996 F.3d at 1034
(citations omitted).  The key inquiry is whether the petitioner
did all he could and was without fault for not appearing at a
hearing.  *Id.* (citing *Lo v. Ashcroft*, 341 F.3d 934, 938 (9th
Cir. 2003) and *Romani v. I.N.S.*, 146 F.3d 737, 739 (9th Cir.
1998)).  Assessing the totality of the circumstances requires
examining the petitioner's motive, diligence in his attempts
to attend the hearing, and any external impediments over
which he had no control.  *Id.* at 1034–35.  "The totality of
the circumstances also includes the merits of [petitioner]'s
pending claim for relief when 'the denial [of a motion to
reopen] leads to the unconscionable result of deporting an
individual eligible for relief.'"  *Arredondo*, 824 F.3d 801,
806 (citing *Singh v. I.N.S.*, 295 F.3d 1037, 1040 (9th Cir.
2002)).  Here, we conclude that the BIA abused its discretion
by failing to adequately address all totality of the
circumstances factors of Singh's exceptional circumstances
claim.  *Hernandez-Galand*, 996 F.3d at 1036.

## A.  Omitted Factors: Unconscionable Result and Change of Hearing Date

We have held that analyzing the totality of the
circumstances includes considering the merits of petitioner's
pending claim for relief where failure to reopen would
"lead[] to the unconscionable result of deporting an
individual eligible for relief."  *Arredondo*, 824 F.3d 801,
806.  Here, the BIA decision never addressed the merits of
Singh's pending applications for asylum and withholding of
removal,  nor  whether  his  deportation  would  be  an

unconscionable result. The BIA abused its discretion in failing to address this totality of the circumstances factor. *Hernandez-Galand*, 996 F.3d at 1036.

Further, the BIA did not consider the significant extent to which Singh's hearing was rescheduled, a factor outside of his control. *Hernandez-Galand*, 996 F.3d at 1035. Even when a hearing date was moved up by only two months, we have observed that the advancement of a hearing date, as opposed to a postponement, imposes harsher circumstances on a petitioner. *See Perez-Portillo v. Garland*, 56 F.4th 788, 795 (9th Cir. 2022). Here, Singh's hearing was initially moved up by more than *two years*, from January 29, 2021, to November 26, 2018, which was not addressed by the BIA's decision.

## B. Inadequately Reasoned Factors: Attorney Involvement

The BIA further erred by failing to provide an adequately reasoned decision on the factors it did analyze. *Hernandez-Galand*, 996 F.3d at 1034. Although the BIA "does not have to write an exegesis on every contention," it must "announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (quoting *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004)); *see also Fernandez v. Gonzales*, 439 F.3d 592, 603–04 (9th Cir. 2006). Apart from the discrepancy between the Dyer and Hammond addresses, the BIA focused on two circumstances: (1) that Singh did not update his address with the immigration court before the issuance of the *in absentia* removal order despite moving to Fresno on December 10, 2018; and (2) that Singh expected Pannun, his attorney, to receive hearing notices. After specifying these

circumstances, the BIA—without any further reasoning—concluded, "Thus, the respondent's actions in relying on the 'inner workings of the household' to receive his Notice of Hearing do not amount to exceptional circumstances."

Without more explanation, the fact that Singh did not update his address after moving to Fresno on December 10, 2018, appears irrelevant because the final hearing notice was mailed on November 26, 2018.

However, Singh's reliance on his attorney's repeated statements that his hearing was set for 2021 is relevant, even if Singh was responsible for ensuring that he received the hearing notices mailed to his personal address. We have recognized that a petitioner facing deportation uniquely relies on an attorney, who guides him "through a complex and completely foreign process." *Monjaraz-Munoz v. I.N.S.*, 327 F.3d 892, 897 (9th Cir. 2003); *see also Hernandez v. Mukasey*, 524 F.3d 1014, 1018 (9th Cir. 2008). Because of this unique relationship, a petitioner who fails to show up to a hearing because of an attorney can establish exceptional circumstances even in cases where the petitioner was informed by separate notice contradicting an attorney's advice. *Monjaraz-Munoz*, 327 F.3d at 897; *Lo*, 341 F.3d at 935–36.

The BIA erred in summarily concluding that Singh did not satisfy any of the factors set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), for ineffective assistance of counsel claims. Not only are the *Lozada* factors not rigidly applied in this circumstance, Singh has seemingly satisfied the first factor, because his motion to reopen was "supported by an affidavit of the allegedly aggrieved respondent attesting to the relevant facts." *Matter of Lozada*, 19 I. & N. Dec. at 639.

Substantial compliance with the *Lozada* factors is not required for consideration of an attorney's involvement as it relates to the totality of the circumstances. Whether Singh has substantially complied with the *Lozada* factors only bears on the viability of ineffective assistance of counsel as an independent basis for recission of the *in absentia* removal order. *Fajardo*, 300 F.3d at 1022 n.8 (ineffective assistance of counsel is an "independent ground for re-opening proceedings") (quoting *Varela v. I.N.S.*, 204 F.3d 1237, 1240 n.6 (9th Cir. 2000)). Singh does not have to substantially comply with the *Lozada* factors for the BIA to consider the involvement of his attorney as one of many occurrences that, together, might constitute "exceptional circumstances." *See Romero-Morales v. I.N.S.*, 25 F.3d 125, 129 (2d Cir. 1994) ("[Petitioner's] good faith reliance on the assurances of counsel, reasonable or not, might have contributed to the establishment of 'exceptional circumstances.'"); *Murillo-Robles v. Lynch*, 839 F.3d 88, 93 (1st Cir. 2016) ("[P]etitioner's previous attorneys pulled the rug out from under him time and again, and this fact ought to have weighed heavily in the totality of the circumstances analysis.").

Referencing our decision in *Romani*, 146 F.3d 737, the Second Circuit (in an opinion by then-Judge Sotomayor) held that "the mere involvement of an attorney in the background of the claim does not talismanically convert it into one triggering *Lozada*'s stringent requirements." *Twum v. I.N.S.*, 411 F.3d 54, 60 (2d Cir. 2005). We agree. The BIA "may not impose the *Lozada* requirements arbitrarily." *Ontiveros-Lopez v. I.N.S.*, 213 F.3d 1121, 1125 (9th Cir. 2000). To disregard an attorney's involvement in a petitioner's case because of the petitioner's failure to comply substantially with the *Lozada* factors would be contrary to

Congressional intent, which requires the BIA to assess the entire record to determine whether there are "exceptional circumstances" warranting relief.  *See Celis-Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir. 2002).

In view of this precedent, the BIA erred in its summary conclusion regarding *Lozada*.  Because of the lack of analysis, we are unable to effectively review this conclusion and benchmark it against existing precedent regarding the failure to advise of a hearing date.  *Fajardo v. I.N.S.*, 300 F.3d 1018, 1022 n.8 (9th Cir. 2002) ("It is difficult to imagine how [an immigration paralegal's] failure to inform [petitioner] of her need to appear at her deportation hearing would not constitute an exceptional circumstance excusing her absence."); *see also Aris v. Mukasey*, 517 F.3d 595, 596 (2d Cir. 2008) ("A lawyer who misadvises his client concerning the date of an immigration hearing . . . has provided ineffective assistance.").

## CONCLUSION

Based on the BIA's limited analysis of the totality of the circumstances and omission of certain factors, we cannot assess whether exceptional circumstances warrant recission of Singh's *in absentia* removal order.

For the foregoing reasons, we grant the petition for review, vacate the order denying Singh's motion to reopen his proceedings, and remand to the BIA for further proceedings consistent with this opinion.

**PETITION    GRANTED,    VACATED,    and REMANDED.**