NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 9 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR ALBERTO SERVELLON-TORRES, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-72332 <br><br> Agency No. A208-449-017 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2024**
Pasadena, California

Before: BEA, OWENS, and KOH, Circuit Judges.

Oscar Servellon-Torres, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") decision dismissing his

appeal of an immigration judge's decision denying his motion to reopen and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

rescind a removal order issued in absentia. We review the BIA's denial of a motion to reopen for abuse of discretion. *Singh v. Garland*, 117 F.4th 1145, 1150 (9th Cir. 2024). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

An in absentia removal order can be rescinded if a petitioner files a timely motion to reopen and demonstrates that his "failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i).

"Because exceptional circumstances are by definition unique, we look to the particularized facts and the totality of the circumstances of each case." *Singh*, 117 F.4th at 1150 (citation and internal quotation marks omitted). "The key inquiry is whether the petitioner did all he could and was without fault for not appearing at a hearing." *Id.* "Assessing the totality of the circumstances requires examining the petitioner's motive, diligence in his attempts to attend the hearing, and any external impediments over which he had no control." *Id.* "The totality of the circumstances also includes the merits of [petitioner]'s pending claim for relief when the denial [of a motion to reopen] leads to the unconscionable result of deporting an individual eligible for relief." *Id.* (citation and internal quotation marks omitted).

In his motion to reopen, Servellon-Torres argued that he failed to appear at his hearing because he did not inform his attorney of his updated address and

2

therefore his attorney was unable to let him know that his hearing date had been postponed by four months. The BIA did not abuse its discretion in determining that Servellon-Torres's failure to inform his attorney of his address change did not constitute "exceptional circumstances." *See id*. Moreover, Servellon-Torres fails to make a strong showing that denial of his motion to reopen would cause an unconscionable result. *See Hernandez-Galand v. Garland*, 996 F.3d 1030, 1037 (9th Cir. 2021) (noting that "[a] strong showing on some factors may lessen the requisite showing on others" for a motion to reopen); *see also Najmabadi v. Holder*, 597 F.3d 983, 991 (9th Cir. 2010) (declining to remand where the court had "no doubt that the BIA would reach the same decision if we asked it to focus more closely on" the purportedly overlooked evidence).

Before this court, Servellon-Torres argues for the first time that his status as an unaccompanied minor when he entered the United States and lack of access to his mail at his sponsor's residence constitute "exceptional circumstances" excusing his failure to appear at the hearing. However, we decline to consider this argument because Servellon-Torres failed to exhaust it before the BIA. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (noting that administrative exhaustion under 8 U.S.C. § 1252(d)(1), while not jurisdictional, is a claim-processing rule that the court "must enforce" when it is "properly raise[d]" (citation omitted)).

The temporary stay of removal remains in place until the mandate issues.

The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED**.