NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE REINALDO LEMUS-RIVERA, | No.    20-70426 |
| Petitioner, | Agency No. A209-420-881 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2024**
Pasadena, California

Before:  BEA, LEE, and KOH, Circuit Judges.

Jose Lemus-Rivera, a native and citizen of El Salvador, challenges the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of his motion to reopen.  Our jurisdiction arises under 8 U.S.C. § 1252.  We grant the petition in part, dismiss in part, and remand to the BIA.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review the BIA's decision to adopt and affirm an IJ's order denying a motion to reopen for abuse of discretion. *See Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021). The BIA abuses its discretion when it acts arbitrarily, without reason, or contrary to law. *See Velasquez-Escovar v. Holder*, 768 F.3d 1000, 1003 (9th Cir. 2014).

1. Lemus-Rivera was ordered removed in absentia when he failed to appear at his hearing. He first argues the BIA abused its discretion by denying his motion to reopen before considering all relevant "totality of the circumstances" factors. *See Singh v. Garland*, 117 F.4th 1145, 1150 (9th Cir. 2024). We recently held that the BIA must consider, among other things, (1) whether an applicant had a motive not to appear, such as to avoid removal on the merits, and (2) whether the applicant's removal would produce an unconscionable result, because of his potentially meritorious claim to remain. *See Montejo-Gonzalez v. Garland*, 119 F.4th 651, 655 (9th Cir. 2024); *see also Singh*, 117 F.4th at 1150.

The BIA abused its discretion by not considering these two factors. First, the BIA did not consider whether Lemus-Rivera had a motive not to appear at the hearing. In stating that Lemus-Rivera's "belief in the merits of his asylum claim" did "not excuse him" from showing exceptional circumstances, the BIA suggested that his belief in the merits of his claim has little bearing on whether exceptional circumstances justify reopening. But Lemus-Rivera's belief in the merits of his

2

claim speaks directly to whether he felt motivated to skip the hearing, as someone with a meritorious claim likely does not fear removal on the merits.

The BIA likewise disregarded Lemus-Rivera's "otherwise laudable diligence" in its analysis. This court, however, has frequently looked at a claimant's past diligence to evaluate whether he or she had a motive for nonattendance. *See, e.g., Hernandez-Galand*, 996 F.3d at 1036 (considering prior attendance at hearings and the prompt filing of a motion to reopen); *Chete Juarez v. Ashcroft*, 376 F.3d 944, 948 (9th Cir. 2021) (noting perfect attendance at prior hearings). Hence, the BIA erred by not considering Lemus-Rivera's motive for not attending the hearing.

Second, the BIA abused its discretion by saying nothing about unconscionability. *See Singh*, 117 F.4th at 1150. Acknowledging Lemus-Rivera's "belief in the merits of his asylum claim" does not answer whether he in fact has a meritorious claim, such that his removal would produce an unconscionable result. The BIA thus erred by not considering all relevant totality of the circumstances factors.

2. Lemus-Rivera also challenges his removal order on due process grounds, but he failed to raise this issue before the BIA. We thus dismiss this unexhausted claim. *See* 8 U.S.C. § 1252(d)(1), *see also Shen v. Garland*, 109 F.4th 1144, 1157-58 (9th Cir. 2024).

We **GRANT in part** the petition and **REMAND** to the BIA for further proceedings.  We **DISMISS** Lemus-Rivera's due process claim.