NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAYRA CAROLINA PICHE-JIMENEZ; et al., | No. 20-72151 |
| Petitioners, | Agency Nos. A201-915-921 |
| | A201-915-922 |
| v. | A201-915-923 |
| | A201-915-920 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2024**
Pasadena, California

Before: BEA, LEE, and KOH, Circuit Judges.

Mayra Carolina Piche-Jimenez, a native and citizen of Guatemala, seeks

review of an order by the Board of Immigration Appeals (BIA) dismissing her appeal

of the Immigration Judge's (IJ) decision denying her motion to reopen proceedings

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

in which she had been ordered removed in absentia.[1]

Piche-Jimenez asked the BIA to reopen proceedings because she had failed to appear at her hearing due to "exceptional circumstances," 8 U.S.C. § 1229a(b)(5)(C)(i), or in the alternative, to exercise its sua sponte authority to reopen proceedings. We have jurisdiction under 8 U.S.C. § 1252 to review the BIA's denial of Piche-Jimenez's motion to reopen, and "[w]e review the BIA's denial of a motion to reopen for abuse of discretion." *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021) (citation omitted). Because the BIA did not abuse its discretion by finding that Piche-Jimenez's explanation failed to demonstrate exceptional circumstances, we deny the petition in part. And because we lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority, we dismiss the petition in part.

1. <u>Motion to reopen</u>. To determine whether a petitioner demonstrates exceptional circumstances that warrant reopening proceedings under 8 U.S.C. § 1229a(b)(5)(C)(i), the agency must "examine the totality of the circumstances" presented. *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir. 2002). "This inquiry is necessarily fact intensive and case specific," *Montejo-Gonzalez v. Garland*, 119 F.4th 651, 655 (9th Cir. 2024), and the "key" questions are whether

---

[1] Piche-Jimenez filed the motion to reopen on behalf of herself and her three minor children. Because the petitions rise or fall together, we refer only to Piche-Jimenez.

the petitioner (1) "did all [s]he could" to attend the hearing, and whether she (2) "was without fault for not appearing," *Singh v. Garland*, 117 F.4th 1145, 1150 (9th Cir. 2024). Other factors for consideration include (3) the petitioner's possible motives for failing to appear and (4) whether removal would cause unconscionable results. *See id.*

The BIA properly reviewed Piche-Jimenez's motion to reopen under the totality of the circumstances test. After correctly accepting her explanation as true, *see Limsico v. I.N.S.*, 951 F.2d 210, 213 (9th Cir. 1991), the BIA considered the key questions—whether Piche-Jimenez did all she could to attend the hearing and was without fault for not appearing—and reasonably decided that Piche-Jimenez failed to show exceptional circumstances. In her motion to reopen, Piche-Jimenez states that although she joined the security line at 6 a.m., she missed her 8:30 a.m. hearing because the security guards told her that she had to stay in line until it was her turn. The BIA did not abuse its discretion by finding that Piche-Jimenez's explanation had "insufficient detail to establish that she failed to appear for her hearing due to an exceptional circumstance beyond her control . . . ." *See Celis-Castellano*, 298 F.3d at 892 (finding no abuse of discretion where BIA found petitioner's evidence "insufficient to establish . . . exceptional circumstances").

Piche-Jimenez's lack of detail is fatal to her motion. The fact that she showed up to the federal building at 6 a.m. and told the security guards that she had an

3

appointment that morning does not prove that Piche-Jimenez did all she could to attend her hearing. Nor has Piche-Jimenez proved that her failure to appear was due to circumstances beyond her control. Piche-Jimenez provides no detail regarding any circumstance that proves she missed her hearing through no fault of her own. *Cf. Hernandez-Galand*, 996 F.3d at 1035 (collecting examples of circumstances beyond petitioners' control).

The BIA did not err by omitting the other two factors that inform the totality of the circumstances test—unconscionability and motive—because they are not relevant to the facts presented by Piche-Jimenez. Thus, the BIA did not abuse its discretion by finding that Piche-Jimenez failed to show exceptional circumstances that would warrant reopening proceedings.

2. <u>Sua sponte reopening</u>. This court generally lacks jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen removal proceedings. *Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1115 (9th Cir. 2019) (citing *Ekimian v. I.N.S.*, 303 F.3d 1153, 1154 (9th Cir. 2002)). We retain jurisdiction to review denials of sua sponte reopening for legal or constitutional errors, *see id.*, but Piche-Jimenez does not raise any colorable legal or constitutional claim. She says that the IJ violated due process by depriving her and her children of a right to seek asylum, which she claims the BIA legally erred by not considering. But this is merely a recharacterization of Piche-Jimenez's challenge to the merits of

the BIA's denial of her motion to reopen, not a "colorable constitutional violation." *Martinez-Rosas v. Gonzalez*, 424 F.3d 926, 930 (9th Cir. 2005) (citing *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 2001)).  Hence, we lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority in Piche-Jimenez's favor.

**PETITION DISMISSED in part; DENIED in part**.