NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TUAN NGUYEN, | No. 21-91 |
| Petitioner, | Agency No. A073-298-684 |
| v. | |
| JAMES R. MCHENRY III, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2025[**]
San Francisco, California

Before: H.A. THOMAS and MENDOZA, Circuit Judges, and BOLTON, District Judge.[***]

Tuan Nguyen is a citizen of Vietnam. He petitions for review of a decision of

the Board of Immigration Appeals ("BIA"), which denied his motion to reopen and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

rescind his in absentia removal order. We have jurisdiction under 8 U.S.C. § 1252. "We review the BIA's denial of a motion to reopen for abuse of discretion." *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021). We deny the petition.

1.      An in absentia removal order can be rescinded if a petitioner files a timely motion to reopen and demonstrates that his "failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). "The term 'exceptional circumstances' refers to exceptional circumstances (such as battery or extreme cruelty to the [noncitizen] or any child or parent of the [noncitizen], serious illness of the [noncitizen], or serious illness or death of the spouse, child, or parent of the [noncitizen], but not including less compelling circumstances) beyond the control of the [noncitizen]." 8 U.S.C. § 1229a(e)(1). "Because exceptional circumstances are by definition unique, we look to the particularized facts and the totality of the circumstances of each case." *Singh v. Garland*, 117 F.4th 1145, 1150 (9th Cir. 2024) (citation and internal quotation marks omitted). In assessing a petitioner's circumstances, we assess whether the petitioner "did all he could and was without fault for not appearing at a hearing." *Id.* "Assessing the totality of the circumstances requires examining the petitioner's motive, diligence in his attempts to attend the hearing, and any external impediments over which he had no control." *Id.*

2.     Nguyen argues that he missed his hearing due to "extraordinary conditions of traffic" on the day of the hearing. He explains that he left at 7:45 a.m. to make an 8:30 a.m. hearing, traveling from San Jose, CA to San Francisco, CA, and that "for reasons [he is] unaware of, heavy, stop-n-go traffic prevented [his] timely appearance. This does not rise to the level of an exceptional circumstance that would justify excusing his failure to appear. *See Arredondo v. Lynch*, 824 F.3d 801, 806 (9th Cir. 2016) ("Traffic and trouble finding parking . . . do not constitute exceptional circumstances justifying a motion to reopen."). The BIA adequately considered the totality of the circumstances and did not abuse its discretion in denying his motion to reopen. *Singh*, 117 F.4th at 1150.

3.     Contrary to what Nguyen argues, the BIA did not deny Nguyen due process rights by not considering his case on the merits after Nguyen failed to appear. *See Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir. 2003) ("Since discretionary relief is a privilege created by Congress, denial of such relief cannot violate a substantive interest protected by the Due Process clause."). Nguyen fails to identify any constitutional defect in his proceedings.

**PETITION DENIED.**