**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LILIALDO GABINO MEJIA, | No. 16-70693 |
| Petitioner, | Agency No. A044-578-330 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2025**
San Francisco, California

Before: PAEZ, BEA, and FORREST, Circuit Judges.

Petitioner Lilialdo Gabino Mejia ("Gabino Mejia") is a native of Mexico and lawful permanent resident of the United States who seeks review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings based on a claim of ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review BIA decisions on a motion to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision

reopen for abuse of discretion. *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir. 2002). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Tadevosyan v. Holder*, 743 F.3d 1250, 1252-53 (9th Cir. 2014) (internal quotations and citation omitted). "To properly act within its discretion, the BIA must give some 'indication that it considered all of the evidence and claims presented by the petition.'" *Singh v. Garland*, 117 F.4th 1145, 1150 (9th Cir. 2024) (quoting *Avagyan v. Holder*, 646 F.3d 672, 681 (9th Cir. 2011)). We review claims of ineffective assistance of counsel de novo. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review findings of fact regarding counsel's performance for substantial evidence. *Lin v. Ashcroft*, 377 F.3d 1014, 1024 (9th Cir. 2004).

1. Gabino Mejia does not dispute that his motion was untimely filed. Instead, Gabino Mejia claims the statutory filing deadline for his motion should be equitably tolled based on ineffective assistance of counsel. *See Iturribarria v. INS*, 321 F.3d 889, 898-99 (9th Cir. 2003) (equitable tolling applies in ineffective assistance of counsel cases). To bring a motion to reopen immigration proceedings based on ineffective assistance of counsel, Gabino Mejia must comply with the requirements set forth in *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988). *Reyes v.*

without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Ashcroft*, 358 F.3d 592, 596 (9th Cir. 2004).

2. Gabino Mejia admits that he did not comply with *Lozada's* requirements.[1] Gabino Mejia recognizes that he did not "adequately" explain what occurred between him and prior counsel, arguing it was impossible to do so without his client file. Gabino Mejia might have had his file if he had contacted his prior counsel and given them time to respond. He did not. Finally, Gabino Mejia admits that he "never made [] formal complaint[s]" against his former attorneys despite "hav[ing] been advised to make such [] complaint[s] against [them]." Gabino Mejia's assertion that he could not file formal complaints because he was "extremely anxious and depressed" is insufficient to excuse him from this requirement. *See Lo v. Ashcroft*, 341 F.3d 934, 938 (9th Cir. 2003) ("A primary goal of . . . filing or satisfactorily explaining the non-filing of a complaint . . . is to protect against the collusive use by aliens and their counsel of ineffective assistance of counsel claims to achieve delay.").

3. Although Gabino Mejia is correct when he states that strict compliance with *Lozada* is not always required where the ineffective assistance of counsel is clear, the BIA correctly determined that Gabino Mejia provides insufficient evidence to conclude that his former counsels failed to perform with sufficient

---

[1] Gabino Mejia claims he could not comply with *Lozada* because "time was of the essence," yet he recognizes that his motion is already time and number-barred, which is why he seeks equitable tolling.

competence.

4. Central to Gabino Mejia's ineffective assistance of counsel claim against Attorney Ramiro Castro ("Castro") is Castro's admission of factual allegations in the Notice to Appear ("NTA"), i.e., Gabino Mejia's prior convictions involved cocaine. Yet, the record is devoid of information that establishes the falsity of Castro's admission. Gabino Mejia himself attended the hearing in which Castro made the admission and has never denied the veracity of Castro's admission. The record also establishes that Gabino Mejia's 2003 charge involved cocaine. *Contra Santiago-Rodriguez v. Holder*, 657 F.3d 820, 835-36 (9th Cir. 2011) (petitioner was prejudiced by counsel's ineffective assistance where counsel admitted to factual allegations without first informing petitioner or any factual basis for doing so). As for Gabino Mejia's other claims that his "requests to [Castro] for clarification or status were met with anger and intimidation," Castro "failed to . . . object to and oppose the very basis of the removal proceedings," and Castro withdrew because "he could not go before the [BIA]" the record either does not support or directly contradicts them. Although the appeal failed, Castro did appeal the Immigration Judge's ruling to the BIA "that the expungement of [Gabino Mejia's] two drug possession convictions had no legal effect in vitiating the immigration consequences of said convictions." These two convictions were the basis for the NTA. Thus, Gabino Mejia's claim that Castro did not "oppose the

4

very basis of the removal proceedings" is incorrect.

5. As for Attorney Hector Cavazos ("Cavazos"), Gabino Mejia fails to establish, or even argue, that Cavazos's suspension prejudiced his claim. None of the charges of misconduct against Cavazos concerned Gabino Mejia's matter. Nor does the record establish that Cavazos ever worked on Gabino Mejia's matter. Further, it appears Gabino Mejia agreed to have Attorney Emily Chrim ("Chrim") represent him and that he was satisfied with her performance as Gabino Mejia states that he "was hoping Attorney Chrim would continue to represent him." Further, Chrim appears to have raised the relevant legal facts and law in her motion to reopen Gabino Mejia's immigration proceedings, which the BIA considered and rejected. C*ontra Castillo-Perez v. INS*, 212 F.3d 518, 526 (9th Cir. 2000) (granting claim because petitioner's "lawyer failed, without any reason, to timely file the application in spite of having told [petitioner] that he did file it, and that [petitioner] would have been prima facie eligible had the application been filed"); *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1224-25 (9th Cir. 2002) (granting claim because petitioners' representative "missed the deadline for filing the application for suspension of deportation and then lied about having done so").

**PETITION DENIED.**