NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SANDRA BANESSA VEGA LOPEZ;
BRAYAN DANILO VEGA-LOPEZ;
MARLEN YOLANI MELGAR-VEGA,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-6380

Agency Nos.
A245-317-263
A245-317-267
A245-317-269

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 2, 2026[**]
Portland, Oregon

Before: CHRISTEN, HURWITZ, and DESAI, Circuit Judges.

Sandra Vega Lopez and her two minor children petition for review of a

decision of the Board of Immigration Appeals (BIA) dismissing their appeal from

an order of an Immigration Judge (IJ) denying their motion to reopen proceedings

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

that resulted in an *in absentia* order of removal. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252 and review the denial of a motion to reopen for abuse of discretion. *Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007). We grant the petition and remand.

An *in absentia* order of removal "may be rescinded . . . upon a motion to reopen . . . if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). "Because 'exceptional circumstances' are by definition unique, we look to the particularized facts and the totality of the circumstances of each case." *V. Singh v. Garland*, 117 F.4th 1145, 1150 (9th Cir. 2024) (citation modified). The BIA abuses its discretion when it fails "to adequately address all totality of the circumstances factors" relevant to a petitioner's claim. *Id.*

We conclude that, contrary to Vega Lopez's contention, the agency adequately addressed her postpartum fatigue and the fact that she speaks only Spanish. Moreover, the agency reasonably found that Vega Lopez failed to provide evidence supporting her assertion that postpartum fatigue constitutes an exceptional circumstance.

The agency erred, however, by failing to consider whether Vega Lopez lacked a motive to avoid her hearing. We have recognized that a petitioner's

motive to avoid immigration proceedings may be a relevant factor in the totality of the circumstances analysis. *See Chete Juarez v. Ashcroft*, 376 F.3d 944, 948 (9th Cir. 2004); *R. Singh v. INS*, 295 F.3d 1037, 1040 (9th Cir. 2002). Here, Vega Lopez expressly argued in her motion to reopen and BIA brief that she had no reason to avoid her immigration hearing and made every effort to attend her hearing. Before the BIA, she further argued that she had a strong case for asylum and other relief.[1] Because Vega Lopez urged the agency to consider whether she had a motive to avoid her hearing, the BIA abused its discretion by failing to address this factor. *See V. Singh*, 117 F.4th at 1150.

We decline Vega Lopez's invitation to conduct our own totality of the circumstances analysis. We are not "generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach [our] own conclusions based on such an inquiry." *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam) (citation modified). Instead, where the agency's decision "cannot be sustained upon its reasoning, [the] case must be remanded." *Kalulu v. Bondi*, 128 F.4th 1009, 1024 (9th Cir. 2024) (citation modified).[2]

_____

[1] We reject the government's contention that Vega Lopez failed to exhaust this argument. *See* 8 U.S.C. § 1252(d)(1). Vega Lopez's discussion of this factor in her brief to the BIA was sufficient to put the BIA "on notice so that it had an opportunity to pass on the issue." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (citation modified).

[2] Vega Lopez also argues that the agency failed to consider unconscionable results

**PETITION GRANTED and REMANDED.**

---

and prejudice to her minor children and erroneously imposed a stricter legal standard than is required. Vega Lopez failed to exhaust these arguments. *See Umana-Escobar*, 69 F.4th at 550.