FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SUSIE ESKILIAN, AKA Suzy
Eskilian, AKA Suzy Shousan Eskilian,

*Petitioner*,

v.

PAMELA BONDI, Attorney General,

*Respondent*.

No. 20-72157

Agency No.
A020-868-758

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 2, 2026
San Francisco, California

Filed April 2, 2026

Before: Sidney R. Thomas and Ronald M. Gould, Circuit
Judges, and Brian M. Morris,[*] District Judge.

Opinion by Judge Gould

---

[*] The Honorable Brian M. Morris, Chief United States District Judge for
the District of Montana, sitting by designation.

## SUMMARY[**]

### Immigration

The panel granted Susie Eskilian's petition for review of a decision of the Board of Immigration Appeals, vacated the BIA's decision, and remanded, holding that the BIA employed the wrong diligence standard in upholding an Immigration Judge's denial of Eskilian's second motion to reopen and that Eskilian acted with due diligence in pursuing vacatur of the conviction on which her removal order was based.

Eskilian, a native of Soviet Armenia, was ordered removed in 2011, but was deemed "stateless" and not deported because Armenia would not accept individuals born during the Soviet era. Eskilian's second motion to reopen was based on asserted ineffective assistance of counsel because Eskilian's counsel, in filing her first motion to reopen, did not present evidence or argument of due diligence in support of equitable tolling of the filing deadline. The BIA concluded that Eskilian had not acted with diligence because she waited over two years after the passage of the relevant vacatur statute to file her first motion and only began pursuing vacatur and reopening after she learned that she was at immediate risk of removal because Armenia had begun accepting individuals born in Soviet Armenia.

The panel held that for individuals who were born during the Soviet era or who are otherwise deemed "stateless," it is

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

reasonable to expect that an individual will begin to take action to challenge removability only once that individual learns that they can be removed to a country and thus are no longer "stateless."

The panel held that Eskilian acted with due diligence because she became aware in June 2018 that she could be removed, obtained counsel in August 2018, had her conviction vacated in May 2019, and moved to reopen in July 2019.

Because the panel held that Eskilian acted with due diligence, it also concluded that the BIA abused its discretion when it found that she did not suffer prejudice when her counsel failed to provide any facts, evidence, or argument of Eskilian's diligence in her first motion to reopen and the IJ denied her first motion to reopen solely on that basis.

---

## COUNSEL

Armineh Ebrahimian (argued), Rosemead, California, for Petitioner.

Jenny C. Lee (argued), Trial Attorney; Dana M. Camilleri, Senior Trial Attorney; Ilana J. Snyder, Senior Litigation Counsel; Office of Immigration Litigation; Brett A. Shumate, Assistant Attorney General; Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

# OPINION

GOULD, Circuit Judge:

Susie Eskilian ("Eskilian") petitions for review of a decision of the Board of Immigration Appeals ("BIA") upholding an Immigration Judge's ("IJ") order denying her second motion to reopen. This motion was based on asserted ineffective assistance of counsel ("IAC") because Eskilian's counsel did not present evidence or argument of "due diligence" in her first motion to reopen based on a vacated state court's conviction that had served as the sole basis for Eskilian's removability.

Eskilian was born in Soviet Armenia but immigrated to the United States when she was about one year old. In 2011 Eskilian was ordered removed because of a grand theft conviction, but she was initially deemed a "stateless" person because Armenia would not accept individuals born during the Soviet era. For that reason, Eskilian was not then deported but rather was released under a supervision order and granted a work permit in the United States, requiring her to check in annually with immigration services. In June 2018, Eskilian was told at her annual immigration meeting that Armenia had begun accepting individuals born in Soviet Armenia and that Eskilian was at immediate risk of removal. Eskilian quickly obtained counsel in August 2018, who in October 2018 determined that Eskilian had grounds to challenge her conviction because of a procedural defect. Counsel then moved to reopen and dismiss the removal proceedings against Eskilian on the basis of the vacated conviction. Counsel successfully had Eskilian's conviction vacated on May 24, 2019. Counsel thereafter armed with the conviction vacated, moved to reopen and dismiss the

removal proceedings against her.  The IJ denied Eskilian's motions to reopen, and the BIA dismissed the second motion to reopen and determined that Eskilian had not shown due diligence in vacating her conviction.

Eskilian contends on appeal that the BIA employed the wrong standard for examining her due diligence and that she acted diligently because she sought to vacate her conviction only a few months after learning that she was subject to removability to Armenia.  We have jurisdiction under 8 U.S.C. § 1252.  Because we conclude that the BIA employed the wrong diligence standard and find that Eskilian acted diligently in pursuing vacatur of her conviction, we grant the petition for review and remand to the BIA for further proceedings consistent with this opinion.

## I.  FACTS AND PROCEDURAL HISTORY

### A

Susie Eskilian ("Eskilian") was born in Soviet Armenia and immigrated to the United States in 1978 when she was about one year old.  In 2010, Eskilian was arrested and convicted in California Superior Court of grand theft in violation of California Penal Code § 487(A).  She was sentenced to one year and four months imprisonment. In 2011, Eskilian was ordered removed to Armenia with that sole conviction serving as the basis for her removability. However, Armenia, at that time, would not accept Eskilian because she had been born in Soviet Armenia, which ceased to exist after the collapse of the Soviet Union in December of 1991.  Eskilian was granted employment authorization in the United States because there was no country to which Eskilian could be removed (stated another way, Eskilian was "stateless").   Eskilian was required to check in with immigration services annually while she was on a supervised

release from custody.  Eskilian dutifully attended all her required annual visits to immigration services without issue for about seven years.

In June 2018, while at her annual visit, Eskilian was told that Armenia had recently begun to accept individuals who were born in Soviet Armenia, and she was consequently subject to immediate removability.  Eskilian quickly retained counsel in August 2018.  Her counsel determined in October 2018 that there were grounds to vacate Eskilian's conviction based on procedural defect under California Penal Code § 1473.7, which was signed into law in 2016 and came into effect in 2017.  On May 24, 2019, the California Superior Court vacated Eskilian's conviction under California Penal Code § 1473.7.

## B

On July 17, 2019, Eskilian filed a motion to reopen and dismiss removal proceedings against her based on her recently-vacated conviction.  In her motion, Eskilian explained that she was released in 2011 on an order of supervision, but did not provide facts explaining that Eskilian sought to vacate her conviction in 2019—two years after California Penal Code § 1473.7 came into effect and eight years after her removal proceedings—because she only learned about the possibility of being removed to Armenia in June 2018.  On August 7, 2019, an Immigration Judge ("IJ") denied this motion because the IJ found that Eskilian "offer[ed] no explanation as to why she waited to seek vacatur[] of her conviction for over two years after California Penal Code section 1473.7 became effective," and that equitable tolling for a motion to reopen is only available where a petitioner has exercised due diligence in pursuing dismissal of her criminal charge.

Eskilian did not appeal this decision to the BIA. Instead, on August 31, 2019, she filed a second motion to reopen proceedings based on ineffective assistance of counsel ("IAC"), contending that she received ineffective assistance of counsel because counsel did not address the "key factor" of due diligence in the first motion to reopen. Eskilian contended that although a motion to reopen based on IAC must generally meet the procedural requirements as set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988),[1] strict compliance with these requirements is not necessary when IAC is plain on the face of the record. *Castillo-Perez v. I.N.S.*, 212 F.3d 518, 525 (9th Cir. 2000); *see also Reyes v. Ashcroft*, 358 F.3d 592, 597 (9th Cir. 2004). Eskilian also contended that she was prejudiced by this error and explained that she was unaware until June 2018 that she could be removed to Armenia (because she was previously deemed "stateless"), and that once she learned Armenia was accepting individuals born during the Soviet era, Eskilian quickly and diligently pursued vacatur of her conviction in state court and dismissal of the removal proceedings before the IJ.

On September 27, 2019, the IJ denied her second motion without a written decision, incorporating its August 7, 2019 decision, and stating that the second motion to reopen was number-barred. *See* 8 U.S.C. § 1229a(c)(7)(A) ("An alien may file one motion to reopen proceedings…."); 8 C.F.R.

---

[1] Those requirements include that a petitioner must: "(1) provide an affidavit describing in detail the agreement with counsel; (2) inform counsel of the allegations and afford counsel an opportunity to respond; and (3) report whether a complaint of ethical or legal violations has been filed with the proper authorities, and if not, why." *Castillo-Perez v. I.N.S.*, 212 F.3d 518, 525 (9th Cir. 2000) (citing *Matter of Lozada,* 19 I. & N. Dec. 637 (B.I.A. 1988)).

§ 1003.23(b).  Eskilian appealed the decision on the second motion to reopen to the BIA.  The BIA dismissed Eskilian's appeal, finding that Eskilian's second motion to reopen was number-barred and not subject to equitable tolling because Eskilian "has not [made] any attempt to comply with the *Lozada* requirements" for a motion to reopen based on an IAC claim.  The BIA concluded that Eskilian's counsel's statements in the brief were insufficient to meet these procedural requirements and reasoned that Eskilian did not provide an affidavit.  The BIA also rejected Eskilian's argument that IAC was clear on the record and held that Eskilian did not show that she suffered prejudice because Eskilian waited more than two years after the passage of the relevant California statute before seeking vacatur of her conviction and thus had not demonstrated due diligence.

Eskilian appealed, contending that the BIA erred by requiring strict compliance with the *Lozada* requirements and that the BIA applied the wrong standard of due diligence in examining whether Eskilian acted with diligence in pursuing vacatur of her conviction.  We hold that the BIA employed the wrong diligence standard and that Eskilian acted with diligence in pursuing vacatur of her conviction.

## II.  STANDARD OF REVIEW

We review the BIA's denial of a motion to reopen for abuse of discretion.  *See Singh v. Garland*, 117 F.4th 1145, 1150 (9th Cir. 2024).  "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions."  *Montejo-Gonzalez v. Bondi*, 166 F.4th 851, 854 (9th Cir. 2026) (en banc) (quoting *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014)).  "To properly act within its discretion, the BIA must give some 'indication that

it considered all of the evidence and claims presented by the petition.'" *Singh*, 117 F.4th at 1150 (quoting *Avagyan v. Holder*, 646 F.3d 672, 681 (9th Cir. 2011)).

## III.  DISCUSSION

Generally, a petitioner may file only one motion to reopen proceedings, which must be filed within 90 days of the original removal decision.  8 U.S.C. § 1229a(c)(7)(A) and (C)(i); *see also Perez-Camacho v. Garland*, 54 F.4th 597, 605 (9th Cir. 2022) (as amended) (observing that the 90-day deadline for motions to reopen contains "no exception for claims that an alien's removal order was based on an invalid conviction").  However, a motion to reopen that would otherwise be time- or number-barred can be reviewed if the deadline is subject to equitable tolling. *Perez-Camacho*, 54 F.4th at 605–06.  Equitable tolling is available when "some extraordinary circumstance stood in [the petitioner's] way and prevented timely filing," and the petitioner acted with "due diligence" in pursuing the petitioner's rights.  *Lona v. Barr*, 958 F.3d 1225, 1230–32 (9th Cir. 2020) (internal quotation omitted).

In denying Eskilian's second motion to reopen, the BIA found that Eskilian had not acted with diligence in vacating her conviction because Eskilian "waited over two years after the California statute at issue was passed to file the motion to reopen" and "only began to pursue options in furtherance of her conviction and removal proceedings when she was informed that removal was possible."  The BIA abused its discretion in finding that Eskilian was not diligent.

We have previously held that as a general rule "'we measure a petitioner's diligence from the date' on which 'a reasonable person in the petitioner's position is put on notice that something was wrong.'"  *Bent v. Garland*, 115 F.4th

934, 942 (9th Cir. 2024) (quoting A*vagyan v. Holder*, 646 F.3d 672, 680 (9th Cir. 2011)) (alterations accepted). We have also held that "due diligence requires a showing of *reasonable* diligence, not 'maximum feasible diligence.'" *Id.* at 943 (quoting *Holland v. Florida*, 560 U.S. 631, 653 (2010)) (emphasis added).

In assessing a petitioner's diligence, we "consider the petitioner's overall level of care and caution in light of his or her particular circumstances," and are "guided by decisions made in other similar cases . . . with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 943 (quoting *Smith v. Davis*, 953 F.3d 582, 599 (9th Cir. 2020) (en banc)); *see also Ford v. Gonzalez*, 683 F.3d 1230, 1238 (9th Cir. 2012) ("Our focus . . . is simply whether the petitioner exercised reasonable diligence given his particular circumstances, including any impediments confronting him and the resources at his disposal." (emphasis deleted)).

In these circumstances, Eskilian acted with due diligence. Eskilian was first put on notice in June 2018 that she could be imminently subject to removal because Armenia had started accepting removed persons who were born in Soviet Armenia. Before Eskilian was told that she was in imminent danger of removal, nothing in Eskilian's order of supervision suggested that Eskilian would become subject to immediate removal. Instead, she was designated as a "stateless" person because there was no country to which she could be removed. Contrary to the government's position at oral argument, it is unreasonable to expect a "stateless" individual to take affirmative steps to challenge removability when they do not face an immediate threat of removability. While the government at oral argument contended that "what [Eskilian] should have done was every

year reached out to an attorney to see if there is any reason why her criminal conviction could be vacated," we are not persuaded that this is required for *reasonable* due diligence under the circumstances.

We recognize the realities facing stateless individuals when legal representation is neither free nor easy to obtain. As a general matter, lawyers do not work without payment by an individual, unless the lawyers are paid by an organization giving representation to immigrants. Expecting a stateless individual to retain a lawyer to check annually whether there might be any change in the law that could alter their removability status and then expecting that individual to challenge removability even when they face no imminent threat of removability because they are deemed "stateless", as the government contended at oral argument, would go far beyond what is *reasonable* due diligence. This is especially true where, as here, nothing in the order of supervision put Eskilian on notice of potential immediate removability and Eskilian continued to operate under government-issued work permits and checked in annually with immigration services.

Instead, for individuals born during the Soviet era or who are otherwise deemed "stateless" for purposes of removability, we hold that it is reasonable to expect that an individual will begin to take action to challenge removability only once that individual learns that they can be removed to a country and thus are no longer "stateless." Here, as soon as Eskilian became aware in June 2018 that she could be removed to Armenia, she acted diligently to obtain counsel in August 2018, and counsel then identified grounds to vacate her conviction in October 2018, and successfully vacated her conviction and had it dismissed in May 2019. Soon after the vacating of the conviction, counsel moved to

reopen removal proceedings in July 2019.  Nothing in these circumstances suggests that Eskilian "slumbered on [her] rights;" instead, the record shows that she acted vigilantly and with reasonable due diligence to challenge removability. *See Bent*, 115 F.4th at 942.

The BIA abused its discretion when it found that the two-year gap between when California Penal Code § 1473.7 came into effect in 2017 and when Eskilian obtained vacatur of her conviction in 2019 was evidence of a lack of "due diligence" because the BIA did not consider the unique circumstances in this case.  *See id.* at 938–43 (reversing the BIA and holding that a petitioner acted with reasonable due diligence even though the petitioner only sought vacatur of his conviction in 2022 despite the fact that California Penal Code § 1473.7 came into effect in 2017).

Because we hold that Eskilian acted with diligence, we also conclude that the BIA abused its discretion when it found that Eskilian did not suffer prejudice when her counsel failed to provide any facts, evidence, or argument of Eskilian's diligence in the first motion to reopen and the IJ denied her first motion to reopen solely on that basis. *Avagyan*, 646 F.3d at 679.  Counsel could have shown due diligence because while considered "stateless" and on a work permit approved by immigration services, Eskilian was not subject to removal and only needed to take prompt action after being put on notice in June 2018 that she was no longer "stateless" and had become subject to removal once Armenia changed its policy and began accepting removed persons born in Soviet Armenia.[2]

---

[2] Because Eskilian has demonstrated that she acted with due diligence and that she was prejudiced by her counsel's failure to provide facts,

## IV.   CONCLUSION

We GRANT the petition for review, VACATE the BIA's decision, and REMAND to the BIA for further proceedings consistent with this opinion.

---

argument, or explanation of diligence in her first motion to reopen, we need not address the BIA's analysis of the *Lozada* requirements when IAC is plain on the record.  *See Castillo-Perez*, 212 F.3d at 525 ("[A] failure to comply with *Lozada* requirements is not necessarily fatal to a motion to reopen[.]").