NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS ANTONIO HERNANDEZ-
CARBAJAL,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.   20-72751

Agency No. A207-289-058

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 21, 2025[**]
San Francisco, California

Before: BEA, OWENS, and KOH, Circuit Judges.

Petitioner Luis Antonio Hernandez-Carbajal, a native and citizen of Mexico,

seeks review of a Board of Immigration Appeals ("BIA") decision dismissing an

appeal from an order by an Immigration Judge ("IJ") denying Hernandez-

Carbajal's motion to reopen removal proceedings. We have jurisdiction under 8

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252(a), and we deny the petition.

We review the denial of a motion to reopen for an abuse of discretion. *See, e.g.*, *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007). Under that standard, we must affirm the agency's denial of reopening unless its decision is "arbitrary, irrational or contrary to law." *Ontiveros-Lopez v. I.N.S.*, 213 F.3d 1121, 1124 (9th Cir. 2000) (citation omitted). "Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020).

Hernandez-Carbajal's motion to reopen is time-barred. Under 8 U.S.C. § 1229a(b)(5)(C)(i), noncitizens who seek recission of an *in absentia* order based on "exceptional circumstances" must file any motion to reopen with 180 days of the underlying removal order. Hernandez-Carbajal did not meet this 180-day deadline. The IJ entered a removal order against Hernandez-Carbajal on June 21, 2018. A motion to reopen was therefore due on or before December 18, 2018. Hernandez-Carbajal did not file his motion to reopen until December 16, 2019. Hernandez-Carbajal has not argued that the statutory deadline should be equitably tolled or otherwise excused. *Cf. Fajardo v. I.N.S.*, 300 F.3d 1018, 1020–22 (9th Cir. 2002). Thus, because Hernandez-Carbajal did not file his motion to reopen before the mandatory deadline, the agency did not abuse its discretion in denying the untimely motion.

Moreover, even if the motion were timely, the agency did not abuse its discretion in declining Hernandez-Carbajal's request to reopen proceedings pending a "decision on [Hernandez-Carbajal's U visa] application." *See Singh v. Garland*, 117 F.4th 1145, 1150 (9th Cir. 2024) (explaining the agency must consider the merits of a petitioner's application for relief before upholding an *in absentia* removal). "Neither the BIA nor IJs have authority over U visa petitions; that authority rests solely with United States Citizenship and Immigration Services," *Zamorano v. Garland*, 2 F.4th 1213, 1227 (9th Cir. 2021) (cleaned up), and "issuance of a removal order does not preclude an individual from obtaining a [U visa]," *Gomez-Velazco v. Sessions*, 879 F.3d 989, 995 (9th Cir. 2018) (citing 8 C.F.R. § 214.14(c)(5)(i)). Thus, the agency did not abuse its discretion in declining to reopen proceedings based upon Hernandez-Carbajal's pending U visa application.[1]

**PETITION DENIED**.

---

[1] Hernandez-Carbajal's motion to supplement the record on appeal, Dkt. No. 12, is **DENIED** because Hernandez-Carbajal's supplemental declaration was never presented to the agency. *See* 8 U.S.C. § 1252(b)(4)(A) (mandating that our review of the petition is limited to the administrative record). Hernandez-Carbajal's motion for judicial notice of agency records and regulations, Dkt. No. 11, is **GRANTED**. *See Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (explaining that we may take judicial notice of agency documents).