NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PEDRO GARCIA CRUZ; ANA PATRICIA
VASQUEZ VALDOVINOS; YARELI
EMERITH GARCIA VASQUEZ; EBER
JANCARLO GARCIA VASQUEZ;
OLIVER JASSIEL GARCIA VASQUEZ,

Petitioners,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 20-72682

Agency Nos. A201-441-046
A201-441-047
A201-441-048
A201-441-049
A201-441-050

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2026**
San Francisco, California

Before: H.A. THOMAS and MENDOZA, Circuit Judges, and BOLTON,***
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

Petitioners Pedro Garcia Cruz, his wife Ana Patricia Vasquez Valdovinos, and their three minor children are natives and citizens of Mexico. They petition for review of a decision of the Board of Immigration Appeals ("BIA") dismissing their appeal of an Immigration Judge's ("IJ") denial of their motion to reopen and rescind their *in absentia* removal orders. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen and rescind an *in absentia* removal order for abuse of discretion. *See Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021), *overruled on other grounds by, Montejo-Gonzalez v. Bondi*, No. 21-304, 2026 WL 305327 (9th Cir. Feb. 5, 2026). We deny the petition.

An *in absentia* removal order may be rescinded if a petitioner files a motion to reopen within 180 days and demonstrates that the "failure to appear was because of exceptional circumstances," or files a motion to reopen at any time demonstrating that they "did not receive notice in accordance with paragraph (1) or (2) of section 1229(a)." 8 U.S.C. § 1229a(b)(5)(C). "The term 'exceptional circumstances' refers to exceptional circumstances (such as battery or extreme cruelty to the [noncitizen] or any child or parent of the [noncitizen], serious illness of the [noncitizen], or serious illness or death of the spouse, child, or parent of the [noncitizen], but not including less compelling circumstances) beyond the control of the [noncitizen]." *Id.* § 1229a(e)(1). "'Exceptional circumstances' are 'by definition unique,' and the statute's listed examples of compelling circumstances are 'explicitly not

exhaustive.'" *Montejo-Gonzalez*, 2026 WL 305327 at *3 (quoting *V. Singh v. Garland*, 117 F.4th 1145, 1150 (9th Cir. 2024)). To determine whether exceptional circumstances exist, we look to the "particularized facts" and consider the "totality of the circumstances" of each case. *Id.* (citation omitted). Although "[e]vidence relevant to the statutory factors may include whether the petitioners were diligent, whether they encountered external or unforeseen circumstances, and whether they lacked a motive to evade the hearing," *id.*, "[o]ther factors may be relevant depending on the circumstances." *Id.* "[T]he possibility of unconscionable results," however, is not a "standalone element" that the "agency must consider." *Id.*

1. The record does not compel the conclusion that exceptional circumstances beyond Petitioners' control caused them to miss their hearing. As the IJ found, Petitioners were aware of Karla's mental-health condition, yet did not implement safeguards to ensure that they would receive mail addressed to them. *See Hernandez-Galand*, 996 F.3d at 1034 (explaining that the first consideration in determining if a failure to appear was justified is "whether 'petitioners did all they reasonably could to have their cases heard promptly'" (quoting *Lo v. Ashcroft*, 341 F.3d 934, 938 (9th Cir. 2003))); *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir. 2002) (emphasizing the petitioner's burden to show that the record *compels* reversing the

3

agency's finding that exceptional circumstances were absent).[1]

2. To the extent Petitioners argue that the IJ lacked jurisdiction over the proceedings because the notice to appear was incomplete, that argument is foreclosed by our decision in *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019).

**PETITION DENIED.**[2]

---

[1] Petitioners seem to suggest in their reply brief that the petition must be granted because Karla, rather than Petitioners, actually received the mailed notice. But as they did not raise this argument before the IJ, the BIA, or in their opening brief, they forfeited this argument. *See Lui v. DeJoy*, 129 F.4th 770, 780 (9th Cir. 2025).

[2] The temporary stay of removal remains in place until the mandate issues.